Hezekiah Johnson commenced a caveat in the Court of Pleas and Quarter Sessions for the county of Humphries against Spraggins, to prevent the emanation of a grant for eighty-one acres of land.
Spraggins appeared and filed his petition, praying that the cause might be removed for trial, to this Court. The petition stated that he was at the time of filing it a citizen of the State of Louisiana; and was at the commencement of the suit a citizen of the Territory now composing that State. It also alleges that the matter in dispute was of more value than five hundred dollars.
The allegations in the petition were supported by proof; and every other requisite of the Act of Congress, was offered to be complied with; but the County Court overruled the motion made by Spraggins, and refused to permit the removal of the cause to this Court.
Cooke, on behalf of Spraggins, produced the record, *Page 161 
and thereupon moved this Court for a mandamus directed to the County Court of Humphries. And after argument on the part of the applicant,
When this subject was first agitated I felt inclined to believe that this Court had not the power to is sue a mandamus in such a case as the present. But I am now clearly satisfied that the power exists. By the Act of Congress passed on this subject, this Court have a right to the cause. The law has placed such causes precisely in the same situation as if this Court had original jurisdiction of them; and, therefore, as the County Court was bound, upon the case being properly made out, to remove the cause, upon application, to this Court; and as I see that this application has been made and improperly refused, I can have no hesitation in granting the mandamus. It is a legal privilege which the defendant possesses to have his cause tried here; but if the State Court illegally and unjustifiably refuses the transmission of the suit, and this Court refuses by mandamus to aid the applicant, will he not be remediless? And no principle is clearer than that where the law has given a clear right, and no remedy exists, the respective courts will interfere by mandamus and see that justice and law is administered. 4 Bur. 2186; Hardin's Rep. 172; 3 Bur. 1267-1660.
In one point of view this may be considered as in the nature of an appeal to this Court. And it is well settled that where the inferior jurisdiction refuses an appeal allowable bylaw a mandamus will lie. 1 East's Rep. 686. But, independent of all this, the fourteenth section of the Act of Congress in question expressly provides that this Court shall have power "to issue all writs and other process necessary for the exercise of its jurisdiction." To maintain the jurisdiction of this Court, in the present instance, it is necessary to issue the writ of mandamus.