THE PEOPLE, *ex rel.* Kanouse, *vs.* THE JUDGES OF THE NEW-YORK COMMON PLEAS.

The amount of damages laid in a declaration in assumpsit is *prima facie* to be con-sidered *the amount in dispute* in determining whether a cause is removeable into the circuit court of the United States under the act of congress.

But *it seems* this is not conclusive, and that the plaintiff to prevent the removal may shew by affidavit that his claim amounts to *less* than five hundred dollars. *Per* Bronson, C. J.

The plaintiff may amend his declaration in the state court after the defendant has presented his petition, by reducing the damages claimed below five hundred dollars, after which the cause cannot be removed.

This court will not grant a *mandamus* to compel a court of common pleas to permit a cause pending there to be removed to the circuit court of the United States; the latter court having itself the power to award the writ when necessary to the exercise of its jurisdiction.

JOHN M. MARTIN commenced an action of assumpsit against the relator, Cornelius Kanouse, in the New-York common pleas, by filing and serving a declaration in which the damages were laid at $1000. Kanouse appeared and filed a petition stating that the plaintiff was a citizen of this state, and the defendant a

citizen of the state of New-Jersey, and praying to have the cause removed to the circuit court of the United States for the southern district of New-York. The court of common pleas held that the damages laid in the declaration were to be regarded, *prima facie,* as the amount in dispute, unless the plaintiff could show the contrary. The plaintiff thereupon made affidavit that the whole amount of his claim and the matter in dispute in the cause was less than $500. The common pleas thereupon denied the motion for the removal of the cause ; and Kanouse applied to this court and obtained an alternative writ of mandamus requiring the common pleas to make an order for the removal of the cause to the circuit court. Before the writ was served, the plaintiff obtained an order of the common pleas granting him leave to amend his declaration ; and he thereupon filed and served an amended declaration, in which the damages were laid at $499.

*J. H. Martin,* for the judges, now moved for an order to quash or set aside the writ of mandamus.

*Bowdoin* for the relator.

The following authorities were cited by the counsel. *Gordon* v. *Longest,* (16 *Peters,* 97 ;) *Cooke* v. *Woodrow,* (5 *Cranch,* 13 ;) *Wright* v. *Wells,* (*Peters'* C. C. 220 ;) *Shotwell* v. *Daniels,* (8 *John.* 341 ;) *Oulton* v. *Perry,* (3 *Burr.* 1592 ;) *Muns* v. *Dupont,* (2 *Wash. C. C.* 463 ;) *Brown* v. *Crippin,* (4 *Hen. & Munf.* 173 ;) *Smith* v. *Jackson,* (1 *Paine's C. C.* 453 ;) *Spraggins* v. *County Court of Humphries,* (1 *Cooke,* 160 ;) *Ex parte Crane,* (5 *Peters,* 190.)

*By the Court,* BRONSON, Ch. J. Certain suits commenced in a state court, when the *matter in dispute* exceeds the sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, may be removed into a circuit court of the U. S. (*Story's Laws,* 57, § 12.) In assump- here nothing appears to the contrary, the damages laid in eclaration are presumptively the amount in dispute, and d regulate the action of the state court on a motion to re-

The People v. The Judges of the N. Y. Common Pleas.

move the cause. But that is not a conclusive presumption. It may be overcome by other evidence. And in this case the plaintiff made affidavit that his claim, and the matter in dispute, was less than five hundred dollars. I am inclined to agree with the court of common pleas, that this was sufficient to settle the question. But clearly, when the plaintiff amended his declaration, and reduced the damages below the sum of five hundred dollars, so that he could in no event recover more than that sum, there was no longer any ground for asking a removal of the cause. It looks like an effort for delay.

But there is another reason why we ought not to interfere. The courts of the United States have power to issue writs " which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." (1 *Story's Laws*, 59, § 14.) If it be " agreeable to the principles and usages of law " to issue a writ of mandamus for the purpose of exercising an appellate jurisdiction, it seems to be clear that the writ should issue from the appellate court. The U. S. circuit court for the district of Tennessee has issued a mandamus to a state court in a case like the one now before us. (*Spraggins* v. *The County Court of Humphries*, 1 *Cooke*, 160.) And I am not aware that any of the federal courts have questioned their power to act in the same manner. If they have the power, there is no reason why this court should interfere. It will be time enough for us to act, when it has been settled that our aid is necessary. I am aware that the court of appeals in Virginia awarded a mandamus to an inferior court in that state, to compel the removal of a cause into the circuit court of the United States; (*Brown* v. *Crippin*, 4 *Hen. & Munf.* 173;) and this court would do the same thing in a proper case, if there was a necessity for it. But until it shall be settled that the federal courts want the power to issue all such writs as may be necessary for the exercise of the jurisdiction conferred upon them by the constitution and the laws, this court cannot act without the appearance of making an officious tender of its services.

Motion granted.