## Case No. 6,724.

### HOUGH v. WESTERN TRANSP. CO.

[1 Biss. 425.] [2]

Circuit Court, N. D. Illinois. Jan., 1864.

REMOVAL FROM STATE COURT—CANNOT REVIEW DECISION OF STATE COURT.

1. The United States circuit court has no power to issue a writ of mandamus to a state court for the removal of a cause. Congress undoubtedly could give them such power, but it has not done so.

[Cited in Stone v. Sargent, 129 Mass. 506.]

2. Under the 12th section of the judiciary act of 1789 [1 Stat. 79], it is for the state court to decide the questions arising under the petition and this court cannot review its decision.

3. The remedy is by appeal to the supreme court of the state, and thence by writ of error to the United States supreme court.

[Cited in White v. Holt, 20 W. Va. 812.]

4. The cases of People v. Judges of New York, 2 Denio, 197; Spraggins v. County Court, Cooke [Tenn.] 160, disapproved.

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Application for a writ of mandamus against the superior court of Chicago.

O. S. Hough commenced two suits in the superior court of Chicago against the Western Transportation Company, a corporation created and existing by virtue of the laws of New York, and doing business in Chicago. The corporation filed a plea to the jurisdiction of the court; plaintiff filed replication, and defendant filed general demurrer to replication. The court sustained the demurrer, and held that the replication was no answer to the plea. Thereupon the defendant filed a petition under the 12th section of the judiciary act of 1789, which provides that "if a suit be commenced in any state court by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, * * * and offer good and sufficient surety for his entering in such court on the first day of its session, copies of said process against him, and also for his there appearing, &c., it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, &c." Surety was tendered and the other provisions of the law complied with. No objection was made on that ground, but the state court decided that the application was not made in apt time, the defendant having previously entered an appearance, and therefore refused to grant the prayer of the petition. The defendant's counsel contended that the plea to the jurisdiction was not an appearance within the meaning of the statute, and that a petition for removal filed as soon as the state court had decided that the defendant was properly in court and subject to its jurisdiction was in apt time.

Hosmer, Beckwith & Higgins, for plaintiff.
Hooper & Clements, for defendant.

DRUMMOND, District Judge. An application is now made to this court for a mandamus against the superior court, requiring it, in the language of the statute, to proceed no further in the case, and to certify the case to this court, so that this court can take jurisdiction of it.

The question is whether under the circumstances of the case the mandamus will lie. I think it will not. Of course, in expressing this opinion it is not necessary for the court to determine whether the state court decided properly in refusing the application made by defendant.

The only provisions of law, I believe, upon the subject of mandamus by courts of the United States, are contained in the 13th and 14th sections of the judiciary act of 1789. The 13th section provides that "the supreme

court shall have exclusive jurisdiction of all controversies of a civil nature, where a state is a party, except between a state and its citizens; and except also between a state and citizen of other states, or aliens, in which latter case it shall have original, but not exclusive jurisdiction. * * * The supreme court shall also have appellate jurisdiction from the circuit courts and courts of the several states, in the cases hereinafter specially provided for; and shall have power to issue writs of prohibition to the district courts when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus in cases warranted by the principles and usages of law, to any courts appointed, or person holding office, under the authority of the United States."

The 14th section provides that "all the before-mentioned courts of the United States," which, of course, includes circuit courts, "shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law," &c.

It is under this last clause that it is contended that the circuit court of the United States has power to issue a writ of mandamus in this case as being a writ agreeable to the principles and usages of law, and necessary for the exercise of its jurisdiction.

It is a little singular that throughout our judicial history there has been, so far as we have been able to ascertain, but one application made to the circuit court of the United States for this writ, where a state court has refused to comply with the 12th section of the judiciary act. That case is the case in Tennessee, and is referred to in the case of People v. Judges of New York, reported in 2 Denio, 197. This case grew out of the case of Kanouse v. Martin, 15 How. [56 U. S.] 198, which was commenced in a state court of New York, and where the application was made to the state court to remove the cause to the circuit court of the United States. After the application was made, the plaintiff amended his declaration so as to make the amount in controversy less than five hundred dollars, and thereupon the application was refused. The case went to the highest court of the state, and thence to the supreme court of the United States. The supreme court of the United States reversed the case, on the ground that the application should have been granted, and that whenever it was made, the statute interposed, and declared that, if it was within the meaning of the 12th section of the judiciary act, it was not competent for the state court to take any other step in the case, and that it did, after the application was made, by allowing this amendment, and that was an erroneous act. Judgment was therefore reversed, and it was held that it was the duty of the court to look into the whole record and to determine whether the

case was within the provision of the 12th section of the judiciary act.

That was a case, as I understand it, in which the counsel for defendant, instead of applying to the circuit court of the United States for a mandamus, applied to the supreme court of the state for a mandamus. The opinion of the court was given by Bronson, Chief Justice, denying the application, on the ground that the 14th section of the judiciary act gave the circuit court of the United States power to issue the writ of mandamus, and therefore the application should be made to that court, and not to the supreme court. In this opinion they refer to the only case to which the notice of this court has been directed, which is the case of Spraggins v. County Court, Cooke [Tenn.] 160. The judge says: "I am not aware that any of the federal courts have questioned their power to act in the same manner. If they have power, there is no reason why this court should interfere." He says, also, "I am aware that the court of appeals in Virginia, awarded a mandamus to an inferior court in that state, to compel the removal of a cause into the circuit court of the United States. Brown v. Crippin, 4 Hen. & M. 173. But," he says, "until it shall be settled, that the federal courts want the power to issue all such writs as may be necessary for the exercise of the jurisdiction conferred upon them by the constitution and laws, this court cannot act without the appearance of making an officious tender of its services." It was for this reason that the motion for mandamus was refused.

I admit that the case proceeds upon the ground that the proper source to apply to for a writ of mandamus was the circuit court of the United States, and not to the state court. The question then is whether that is a proper source. I think that the view of the judge was incorrect.

The rule laid down in relation to writs of mandamus by the supreme court of the United States is that it shall issue only to an officer, or to a judge, or to a court where the duty to be performed is a ministerial one simply and where the judge or officer has no discretion. When he has a discretion, the only thing the court will do by writ of mandamus, is to compel him to exercise that discretion by deciding the question or case without telling him how it shall be decided. It is only where it is a ministerial duty that the court will compel him, by writ of mandamus, to perform that duty, as by signing a bill of exceptions, or in relation to any other mere ministerial act to be performed by an officer. Life & Fire Ins. Co. v. Wilson's Heirs, 8 Pet. [33 U. S.] 291; Life & Fire Ins. Co. v. Adams, 9 Pet. [34 U. S.] 573; Ex parte Hoyt, 13 Pet. [38 U. S.] 279; Ex parte Whitney, Id. 404; Ex parte Many, 14 How. [55 U. S.] 24; Commissioner of Patents v. Whiteley, 4 Wall. [71 U. S.] 522; Decatur v. Paulding, 14 Pet. [39 U. S.] 497; U. S. v.

Guthrie, 17 How. [58 U. S.] 284; U. S. v. Commissioner, 5 Wall. [72 U. S.] 563.

I have no sort of doubt that it is entirely competent for the congress of the United States to give this power to the courts of the United States, but I think that they have not yet done so. In the case of Kendall v. U. S., reported in 12 Pet. [37 U. S.] 524, which was very elaborately argued and fully considered, the supreme court of the United States, after adverting to various cases, says: "The result of these cases is that the authority to issue the writ of mandamus to an officer of the United States, commanding him to perform a specific act required by a law of the United States is within the scope of the judicial powers of the United States, under the constitution, but that the whole of that power has not been communicated by law to the circuit courts, or, in other words, that it was then a dormant power not yet called into action and vested in those courts." The question arose there in relation to the power of the United States court in the district of Columbia, and it was as to the exercise of the power by that court that the question came up, but they refer to power existing in the circuit courts of the United States in states, and say that the whole judicial power has not been delegated to the circuit court in the states. So that it seems to be clear that it is competent for congress to vest this power in the circuit courts of the United States.

The case in Denio is the only case to which the attention of the court has been directed. The question is, whether it is binding and conclusive. I think that it is not, and that the absence of not only all decisions other than this, but of all applications to circuit courts of the United States, is a very strong argument against the exercise of this power.

It may be seen by an examination of the various decisions made by the supreme court of the United States, that it is only in peculiar cases that they have exercised this power by writ of mandamus. I think that considerable light may be shed upon this case by an examination of the statute, which was passed at a very exciting period of our history,—I mean the act of 2d March, 1833 (4 Stat. 633). The third section of that act provided "where suit or prosecution shall be commenced in a court of any state against any officer of the United States, or other person, for, or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right authority, or title set up, or claimed by such officer or other person under any such law of the United States, it shall be lawful for the defendant, in such suit or prosecution, at any time before trial, upon a petition to the circuit court of the United States in and for the district in which the defendant shall have been served with process, setting forth the nature of said suit or prosecution and verifying the said petition by affidavit, together with a certificate signed by an attorney or counselor at law of some court of record of the state in which such suit shall have been commenced, or of the United States. * * * It shall be the duty of the clerk of said court, if the suit were commenced in the court below by summons, to issue a writ of certiorari to the state court, requiring said court to send to the said circuit court the record and proceedings in said cause. * * * And thereupon it shall be the duty of the said state court to stay all further proceedings in such cause, and the said suit or prosecution upon delivery of such process or leaving the same as aforesaid, shall be deemed and taken to be moved to the said circuit court, and any further proceedings, trial, or judgment therein in the state court shall be wholly null and void." Of course the statute giving the right to the court also gives, as a necessary consequence, the necessary means to compel compliance with the writ.

So the congress of the United States could have done in this case. They have not seen fit to do so. They have given certain legal discretion to the judge of the state court, not that thereby the defendant is deprived of the right which the statute gives him, but that it is competent for the appellate state court to redress the wrong, if wrong has been done to the defendant, by correcting the error of the state court in which the suit was brought. If the highest court of the state will not do that, the defendant has his remedy by writ of error to the supreme court of the United States, which would have jurisdiction in such case. All the cases in which the question has arisen have gone to the supreme court of the United States in this way, and the error of the state court, where any existed, has been rectified in the supreme court.

There is a remark made by Judge McLean in the case of Gordon v. Longest, 16 Pet. [41 U. S.] 97, which also gives color to the application which is made in this case. That was a case where the writ was originally brought in a state court. Application was made for its removal to the circuit court of the United States. It was refused. The case went to the court of appeals of Kentucky, and was sent back. It then went again to the court of appeals, and finally to the supreme court of the United States. That court held that the application for the removal of the cause ought to have been granted, and reversed the judgment of the court of appeals for that reason, and directed that the cause should be remanded with instructions that it should be transmitted to the circuit court of the United States. In giving his decision in this case, Judge McLean says, "A more summary redress might have been pursued by the defendant than the one which this court can now give to him."

I concede to the counsel for the application in this case that there can be but little doubt that Judge McLean thought that it was competent for a circuit court of the United States

to issue the writ of mandamus to the court of the state. That, I think, must be the "more summary" remedy to which the judge refers, but this is a mere dictum of the judge; it was not necessary to the decision of the case, and of course is not binding upon any other court as a decision. I have thought, on examining the various cases, that it would not have been the opinion of the supreme court if the point had been made before it.

It will be seen from what has been said, that there is a remedy for the party: he is not without redress; he can take his exception; the supreme court of the state can give him redress if the lower court has decided wrong, and if that court will not, the supreme court of the United States may. It is true this is a circuitous way to have any supposed wrong remedied, but still, I think it is the only way in which it can be done. The congress of the United States have not seen fit to give this summary remedy by writ of mandamus, if it was competent for them to do it, and until they have done that, either by express language or by necessary implication, I do not think that this court ought to exercise a doubtful power. The application will therefore be dismissed.

NOTE. See In re Cromie [Case No. 3,405], where it is also held that the act of July 27, 1866 [14 Stat. 306], made no change as to the power of the circuit court to issue a mandamus to a state court. See, also, Fisk v. Union Pac. R. Co. [Case No. 4,827]; Sweeney v. Coffin [Id. 13,686]; Sands v. Smith [Id. 12,305]; McBratney v. Usher, [Id. 8,661]. Practice on removal to U. S. Courts: Hatch v. Chicago, R. I. & P. R. Co. [Case No. 6,204]; Winans v. McKean Railroad & Navigation Co. [Id. 17,862].