## The People ex rel. The Glens Falls Insurance Co. v. The Judge of the Jackson Circuit Court.

*Foreign corporations: Comity: Waiver: Act No. 136, of 1869, relative to insurance companies.* When a foreign corporation submits itself to the exclusive jurisdiction of the courts of this State, as a condition of doing business here, it waives any right it may possess, as a *quasi* citizen of another State, to remove to the courts of the United States an action commenced in the courts of this State upon a cause of action accruing here.

*Mandamus: Transfer of causes from the State to the United States Courts.* A *mandamus* from the State Supreme Court to compel an inferior State court to remove a cause to the United States Circuit Court upon the application of a defendant, who is a citizen of another State, is not the appropriate writ for that purpose; and whether it has any jurisdiction to interfere in such cases,— *Quære?*

*Heard and decided October 21.*

Application for *mandamus:*

By the Glens Falls Insurance Company, a corporation organized under the laws of the State of New York, to compel the Judge of the Circuit Court for the county of Jackson to remove a cause pending in that Court, in which the relator was defendant and William Jackson plaintiff, to the Circuit Court of the United States. The action was brought upon a policy of insurance issued in this state by a duly authorized agent of the company, and was commenced by service of process upon an agent of the company duly authorized under the provisions of Section 23 of the Laws of 1869 (p. 243) to receive such service. The defendant moved in the Jackson Circuit Court for an order removing the cause, under the provisions of the judiciary acts of the United States; and the motion being denied, the company now comes into this Court and asks for a *mandamus* to the Judge of the Jackson Circuit Court to compel the granting of the order.

21 MICH.—U².

THE GLENS FALLS INSURANCE COMPANY *v.* THE JUDGE OF
THE JACKSON CIRCUIT.

*A. Russell,* for relator, cited:

1. To the appropriateness of the remedy by *mandamus:—State ex rel. Tod v. Fairfield 'Com. Pleas, 15 Ohio State, 377; Hopper v. Kalkman, 17 Cal., 517; Brown v. Crippin, 4 Hen. & Mumf., 173.*

2. To the point that the writ should not be applied for in the U. S. Circuit:—*Sec. 14 U. S. Jud. Act, 1789; Ladd v. Tudor, 3 W. & M., 325; Star Ins. Co. Case, 2 Law Rev., 183; Fisk v. R. R., 6 Blatchf., 362.*

3. As to practice:—State Court should order removal.— *Conkl. Treat., 3d ed., p. 482.*

CAMPBELL, CH. J.

This is an application for an order on the Circuit Judge sitting in Jackson County to show cause why a *mandamus* should not issue to direct him to remove a cause to the United States Circuit Court, the relator being defendant and a corporation, under the laws of New York, and the plaintiff being a citizen of Michigan. We desired the counsel for the relator to argue the motion, as we had doubts of the propriety of calling upon the Circuit Judge to respond to such an order, and we have been furnished with the citation of such cases as could be found.

It is alleged, and must on this motion be assumed, that the Circuit Judge took no exception to the security offered, and only denied the application on the ground that the relator had become bound, by the conditions on which it assumed to do business in Michigan, to submit to the jurisdiction of the state courts. The only questions, therefore, are whether the relator has incurred any such obliga-

tion, and whether a *mandamus* should be granted by this
Court as the proper remedy in case the removal is within
the acts of Congress. We think that on both grounds
the application should be denied.

We think the validity of the statute providing for the
removal of cases to the United States Circuit Courts is
undoubted. And we held in *Yawkey v. Richardson, 9
Mich. R., 529*, that in cases to which it applied, the removal
was a matter of right and not within the discretion of the
state courts. If this were the case of a citizen of another
state, having the full rights of an individual, and subject
to no disabilities, we should have no doubt of the incor-
rectness of the decision below, however much we might
doubt our authority to interfere in this way to correct it.

But while for some purposes a foreign corporation is
allowed to be regarded as a citizen of the state incorporating
it, and while in the absence of any reason to the contrary it
is so regarded under the United States judiciary acts for
the purposes of suit, yet any privilege which that relation-
ship might bestow · on it may be waived like any other
right, and the party may be estopped from setting it up. If
the Constitution of the United States gave exclusive juris-
diction of suits between citizens of different states to the
courts of the United States, then, of course, the state courts
could get no jurisdiction by waiver or express consent.
But when they have original jurisdiction, and there only
exists a right to remove the cause, we see no reason why a
party may not become bound by covenant or estoppel to
waive his privilege beforehand, as completely as he would
lose it by delaying his petition too long. The principle is
the same in the one case as in the other.

It was decided in *Bank of Augusta v. Earle, 13 Pe-
ters R., 519*, that a corporation created by one state had

no power to do any corporate act in another state unless by the express or implied assent of the latter. And it was held accordingly in *Paul v. Commonwealth of Virginia, 8 Wal. R., 168,* that such assent might be conditional. The Court use the following language: "Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms and conditions as those states may think proper to impose. They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion."

The state of Michigan has seen fit to enact that no foreign insurance company shall transact business in this state without first appointing an agent or attorney in this state "on whom process of law can be served, *which process shall issue from the courts of this state, and such courts shall have exclusive jurisdiction of all cases arising under this act.*" (*L. 1869, p. 243*).

This language is free from ambiguity. Submitting themselves to the exclusive jurisdiction of our courts is one of the conditions of their corporate action in Michigan. As they could not act at all without the consent of the state, they must conform to these conditions, and must be regarded as waiving all privileges inconsistent with them. Their powers exercised here are the same as if they were incorporated by our laws, and they become to that extent Michigan and not New York corporations for all practical purposes in this state. They have appointed their agent under this statute and subject to all its requirements.

THE GLENS FALLS INSURANCE COMPANY v. THE JUDGE OF
THE JACKSON CIRCUIT.

The Circuit Court, therefore, could not properly compel a party who had sued them, when they have covenanted he might sue them, to go into another jurisdiction.

We are also unable to discover any propriety in resorting to the writ of *mandamus* of this Court to correct the action of a Circuit Court in a case, under the act of Congress. If any coercive action should be deemed necessary to transfer proceedings into the courts of the United States, it should naturally come from United States authority; and if the result cannot be reached without the intervention of some writ, we find it difficult to believe that the remedy can be dependent on the discretion of a state court. In all cases where writs are expressly mentioned for purposes of removing cases into United States courts, they issue returnable there. There is no writ of *certiorari* or *mandamus* known to the common law issuing from one jurisdiction to courts within it for the removal of causes into another jurisdiction. *Certiorari* is the proper writ for removing records from one court into another for trial, and is the writ expressly authorized to be issued by United States courts, for removing thither certain cases from state courts under the act of 1833.—*4 U. S. Stat., 633.* But whether *certiorari* or *mandamus* would be appropriate for this purpose, it is certainly more seemly that they should not depend on the discretion of any tribunal not holding its commission from the authority creating the right of removal. The United States Supreme Court has never, that we can find, decided expressly, upon a case arising under the statute in question, that the Circuit Courts of the United States may issue the proper writ, if any is required, but the principle has been asserted distinctly that a summary remedy exists, and, if so, there can be no special difficulty in ascertaining it.—*Gordon v. Longest,*

*16 Pet. R., 97.* And we think the view taken by the
Supreme Court of New York in the case of *The People v.
the Judges of the N. Y. Common Pleas* (*2 Denio, 197*),
refusing a *mandamus,* is in accordance with good sense.
We should feel disposed to go as far as possible to prevent
a failure of any right, but we do not perceive any such
necessity in these cases.

It is questionable, under the statute, whether any
affirmative action is contemplated or required of the state
court, from which a cause is removed, which could render
any mandate necessary in any case. The party filing the
petition gives security that he will enter copies of the pro-
ceedings in the United States court, and, thereupon, it is
made the duty of the state court *"to proceed no further
in the cause."* But there is nothing indicated by the
statute as necessary to be done by the court to complete
the removal. The original record is not to be removed
from the state court. It is only to abstain from further
action. The moving party himself files the necessary
papers, which are copies, and not originals, and if the clerk
will not give him certified copies he may file sworn copies,
under the statute of 1833.—*4 Stat. U. S., 633.* That stat-
ute provides a very simple method of obviating any refusal
of the clerk, and we do not perceive that the court has
any important functions in the matter, or that its order
can prevent the filing of the needful copies. In *Ableman
v. Booth, 21 How. R., 506,* where no return was made to a
writ of error, the defect was supplied by sworn copies;
and if the statutes concerning the removal of causes do not
make the removal dependent on the action of the state
court, there can be no possible necessity for *mandamus,*
and any subsequent procedure in the cause, if unlawful,
must be reached in another way.

THE GLENS FALLS INSURANCE COMPANY *v.* THE JUDGE OF
THE JACKSON CIRCUIT.

Without deciding whether or not this Court has any jurisdiction to interfere in such a case as is presented to us, we think the relator is precluded from asking it, and that the remedy sought is not appropriate.

The other Justices concurred.