Stone, J.
Of the statutes referred to in the agreed statement, the earlier one, that of April 10, 1872, is an amendment of section 20 of the act of April 16, 1867. S. & S. 218. The act of April 27, 1872 (69 Ohio L. 155), repealed the act of April 16, 1867; but the repeal does not seem to have included the twentieth section as amended by the first-named act. As, however’, these two statutes are, so far as they affect the question here arising, of substantially the same-import, the provisions of the later one, only, need to be specially considered. By section 18 of this act it is made unlawful for any life insurance company, organized by or under the laws of any other state of the United States, to transact any business of insurance within this state without first procuring from the superintendent of insurance'a certificate of authority so to do, and unlawful for any person to act within this state as the agent of such company in the business of insurance without first procuring from the superintendent a license for that purpose. It provides that no such certificate or license shall be issued until certain conditions are complied with by the company seeking to obtain such authority. Among these are, that certain securities be deposited for the protection of policy-holders; that it authorize its agents to accept service of process in the counties in which they may be authorized to act, and consent that service upon such agent shall be a valid service upon the company; and that such *112 company file with the superintendent of insurance a written, instrument, duly signed and sealed, “ waiving all claim or right to transfer or remove any cause, then or thereafter pending in any of the , courts of this state wherein such company may be a party, to any of the courts of the United States.”
It is important to notice that the cases referred to in this-statute are not those of which the federal courts have exclusive jurisdiction. They are cases which, with respect to the subject matter and the character of the questions involved, fall within the exclusive jurisdiction of the state-courts, and of which the federal courts have jurisdiction, if at all, only by reason of the fact that the parties litigant are citizens of different states.
The right, upon this ground, to remove cases commenced in the state courts to the courts of the United States for trial and final adjudication, is one which the party entitled to may' exercise or not, at his option. It is a right, therefore, which may be waived, or may be lost by neglect; and we see no reason why a party entitled to it may not, upon sufficient consideration, waive it in advance, or be, in a proper case, estopped from asserting it. Bank of Columbia v. Okely, 4 Wheat. 235; Ladd v. Hildebrant, 27 Wis. 135; Phyfe v. Eimer, 45 N. Y. 102.
But it is evident that the question here involved does not depend upon the validity or effect of the instrument, filed with the superintendent of insurance, considered merely as a covenant to waive the exercise of the alleged right.
The statute prescribes the conditions upon which the-corporations referred to are permitted to do business in Ohio, and its force and effect is to subject the companies-accepting the conditions to the jurisdiction of the courts of the state; thus placing them, for purposes of suit, upon the footing of domestic corporations. The instrument referred to is to be executed and filed as evidence that they' accept the condition to which it relates, and bring themselves voluntarily 'within the operation of the statute.
*113 Upon acceptance of this, and the other prescribed conditions, such corporations become entitled to prosecute-their business in this state — a right which could not be conferred by the law of their creation, and to which, as corporations of other states, they could make no claim. In case they fail to comply with the prescribed conditions, they are forbidden to transact any business of insurance in this state. The right of the state thus wholly to exclude-them is well settled, and is not denied. Paul v. Virginia, 8 Wal. 168.
Having, as corporations of other states, no power to do any corporate act in this state without its consent, express- or implied, it follows that such consent may be conditional, and that, with respect to the business transacted here, the-conditions may be such as the legislature may, in their discretion, prescribe. The true doctrine upon this subject is well stated in Paul v. Virginia, supra. Mr. Justice Field,, delivering the opinion of the court in that case, says:
“ Having no absolute right of recognition in other states, but depending for such recognition and the enforcement of its contracts upon their assent, it follows, as a matter of course, that such assent may be granted upon such terms- and conditions as those states may think proper to impose. They may exclude thé foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as, in their judgment, will best promote the public interest. The whole matter rests in their discretion.”
In Lafayette Ins. Co. v. French, 18 How. 404, it was decided by the same court that when a corporation of the State of Indiana was allowed by a statute of this state to trausact business here, upon condition that in suits upon contracts made here, service upon its agent in this state should be good service upon the company itself; a judgment obtained in a court of this state by means of such service-was a valid judgment in personam against the corporation— *114 as valid as if the corporation had had its habitat in this state.
In this case, the plaintiff in error having complied with the requirements of the statute in question, prosecutes its corporate business here with the assent of the state, and subject to the conditions upon which that assent is given. For the purpose of availing itself of the license thus conditionally granted, it brings itself voluntarily within the operations of the statute, and under its provisions is to be regarded and treated, for purposes of suit, as a corporation of this state. Glen Falls Ins. Co. v. The Judges, etc., 21 Mich. 577.
We think the ruling of the Superior Court was right, and its judgment is affirmed.