## N. Y. MARINE COURT.

### William R. Clarkson *et al.* agt. Robert C. Manson.

*Removal of cause from state to United States court — How amount in dispute determined — Complaint — Counter-claim.*

Where the amount claimed in the complaint is less than $500, the defendant cannot, by pleading a counter-claim exceeding that sum, remove the action from a state to the United States court for trial, upon the ground that the parties are residents of different states and the matter in dispute exceeds $500. The amount in dispute must be determined from the complaint.

*Special Term, October,* 1880.

MOTION to vacate *ex parte* order removing cause to United States court.

The defendant, on a petition presented to this court, stating that the parties were residents of different states, and that the amount in dispute exceeded $500, obtained an *ex parte* order that the action be transferred to the United States circuit court for trial. The record has not as yet been removed to or filed with the latter court, and the plaintiffs now move to set aside such *ex parte* order, upon the ground that the court was imposed upon in reference to the amount in dispute, which they allege is less than $200. The pleadings show that the plaintiffs sue to recover $195 for certain store fixtures sold by them to the defendant, who in defense charges fraud in the sale, and sets up a counter-claim of $750 as the damages resulting therefrom.

*John Bassett, Jr.,* for motion.

*George H. Kracht,* opposed.

McADAM, *J.* — The character of the action and the amount in dispute is to be determined by an inspection of the complaint (*Walsh* agt. *Darragh,* 52 *N. Y.,* at *p.* 592, *and see*

*notes collated in* 1 *Abb. N. C., p.* 24). The amount of damages laid in the declaration is *prima facie* the amount in dispute under the removal act (*The People* agt. *The Judges, &c.,* 2 *Denio,* 197). The right of removal is to be determined by the complaint and is not necessarily controlled by the answer (*Latham* agt. *Barney,* 5 *Weekly Dig.,* 145). The rule in regard to appeals from the United States district court is, that where the libellant appeals, the amount of the matter in dispute is the amount demanded in the libel (*Goodwin* agt. *Ogden,* 3 *Peters,* 34). By " matter in dispute " is meant the subject of litigation ; in other words, the matter for which the suit is brought, which in this case is the recovery of $195 for goods sold.

A defendant cannot by any plea of counter-claim deprive the state courts of their lawful jurisdiction, for, as a rule, he is not obliged to present his counter-claim to the state court ; he may prosecute it in any forum having jurisdiction of the subject-matter and parties, and may waive, withdraw or discontinue it at pleasure.

The amount claimed in this action being less than $500, the plaintiffs could not have commenced their action in the United States circuit court (*See Abbott's U. S. Pr., vol.* 1, *p.* 7, *title Jurisdiction*). They were obliged to sue in the state court. To say that the defendant under such circumstances can, by pleading a counter-claim exceeding $500 in amount, not only divest the state court of its jurisdiction, but confer upon the United States circuit court a jurisdiction it did not possess when the action was commenced, is too illogical to require serious notice.

The pleadings properly construed show that the defendant not only endeavors to avoid paying the agreed $195 for fixtures sold to him, but seeks to bring the plaintiff in his debt $750, because the fixtures were not as represented ; and this counter-claim the defendant audaciously claims deprives this court of jurisdiction, because the parties to the record are residents of different states.

The petition presented to this court falsely represented that the amount in dispute exceeded $500, and the court was thereby imposed upon and induced to grant an order it had no power to make.

The case is still here. This court has no power to transfer it to the United States circuit court, and that court has no power to receive it. The *ex parte* order purporting to transfer it to that court will, therefore, be vacated, with ten dollars costs.