# MASON *v.* PEWABIC MINING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF MICHIGAN.

No. 1041.   Argued April 26, 27, 1894. — Decided May 14, 1894.

This court has no jurisdiction over an appeal from a judgment of a Circuit
Court denying the application of counsel for a solicitor's allowance out
of a fund realized from a sale made under direction of that court in
execution of a mandate of this court, the appeal being taken after July
1, 1891, and not being taken under the provisions of section 5 of the
Judiciary Act of March 3, 1891, c. 517.

When a mandate of this court has been misconstrued or disregarded by a
Circuit Court, the proper remedy now is by mandamus; but in this case
the Circuit Court was at liberty to consider the application for an
allowance, and its action in that regard was open to review in the
Circuit Court of Appeals.

ON March 31, 1884, some of the stockholders of the Pewabic
Mining Company, on behalf of themselves and all others who
might desire to join therein, filed their bill in the Circuit
Court of the United States for the Western District of Michi-
gan against that company, its directors, and a new corpora-
tion called the Pewabic Copper Company, formed for the
purpose of acquiring the property of the Mining Company,
seeking to have the property disposed of at public sale, and
an accounting by the directors.   The Circuit Court decreed a
sale but denied the accounting.   The case was brought to this
court on cross-appeals and the decree affirmed except in respect
of the accounting, as to which the decree was reversed and a
reference directed.   *Mason* v. *Pewabic Mining Co.*, 133 U. S.
50.   The case was decided in this court January 13, 1890, and
the mandate having gone down, the Circuit Court rendered a
decree May 6, 1890, ordering a reference, report, and sale by
auction.   February 3, 1891, the special master filed his report
of sale, which was confirmed. On March 3 one Marcus filed
an intervening petition to set aside the confirmation and open
the sale, which was denied April 27, 1891, and the petition

dismissed, whereupon Marcus appealed to this court, which affirmed the order. *Marcus* v. *Mason*, 145 U. S. 349.

February 28, 1893, counsel filed a petition for an allowance out of the amount realized on the sale, to which an answer was filed and the petition denied, whereupon an appeal was prosecuted to this court. In the opinion of the Circuit Court, appearing in the record, it is said:

"The other matter which remains to be disposed of is the petition for an allowance out of the fund in favor of the solicitors for the complainants upon the footing of what are known as costs between solicitors and clients.

"A preliminary question arises in regard to the power of the court, proceeding as it is under the mandate of the Supreme Court, which contains the order of that court in regard to costs. This was to the effect that the complainants should recover their costs in the Circuit as well as in the Supreme Court. These, of course, must be understood to be the usual taxable costs.

"It would seem clear that this court has no authority to supplement that order by awarding a sum, to be determined by its discretion, as costs to be taxed as between party and party, but which are really an indemnity for the expense of carrying on the suit against a perverse and unreasonable defence, as was done in *Perrin* v. *Lepper*, 72 Michigan, 454, and *Mackintosh* v. *Flint & Père Marquette Railroad*, a case reported in 34 Fed. Rep. 582, (though not on this point, which latter appears from the record,) cited in support of this petition.

"This court is not now proceeding upon its original authority in regard to any matters which were or might have been dealt with by the Supreme Court on the appeal from the original decree. The subject of costs was included in the mandate, which we are now executing. *Perkins* v. *Fourniquet*, 14 How. 328; *In re Washington & Georgetown Railroad*, 140 U. S. 91; *Gaines* v. *Rugg*, 148 U. S. 228, 239.

"There is some analogy, though it is not complete, between the equity for such costs and costs between solicitor and client, which are paid out of a fund in court. I have some doubt whether this court retains the power to award the latter

species of costs; but I express no opinion upon this question, as it seems to me clear that this is not a case in which they could properly be allowed."

A motion, on behalf of the appellees, was made to dismiss the appeal for want of jurisdiction.

*Mr. Thomas H. Talbot* for the motion.

*Mr. Russell C. Ostrander* and *Mr. Edward Cahill* filed a brief by leave of court on the part of intervening stockholders.

*Mr. Don M. Dickinson,* (with whom was *Mr. Alfred Russell* on the brief,) opposing.

The question presented is, whether the act of March 3, 1891, creating the Court of Appeals, stands in the way of the present appeal.   This act may be found in 138 U. S. 709.

This involves the effect of the proviso in § 6 of that act.

Section 6 declares that in all cases other than those enumerated in section 5 (and this is not enumerated) the appeal shall be to the new court, "unless otherwise provided by law."

We submit this case falls within the last named proviso, precisely as the Marcus appeal (taken three months after the new act) did.   Nobody suggested that that appeal should have been to the new court; yet every reason put forward why the present appeal should be to the new court, would apply to the appeal of Marcus.   *Marcus* v. *Mason,* 145 U. S. 349.

The Court of Appeals act of March 3, 1891, went into immediate operation three months before the Marcus appeal. As to its immediate effect, see *In re Claasen,* 140 U. S. 200, 204 (near bottom); *McLish* v. *Roff,* 141 U. S. 661, 664.   So that if counsel, now moving dismissal, is right, there was no jurisdiction here in the Marcus appeal.

The present case concerns the distribution of a fund created under the mandate of the Supreme Court, and (in the view of the court below) involves the construction of the language of the mandate of this court as to costs.   Surely it is not for the Court of Appeals to give a construction and final operation to

the mandate of the Supreme Court. *Perkins* v. *Fourniquet*, 14 How. 328.

Moreover, by the joint resolution of March 3, 1891, the jurisdiction of the Supreme Court is not impaired where an appeal was taken prior to the act concerning appeals. It may well be held that the original appeal in the *Pewabic case* vested this court with all future jurisdiction in the case, within the meaning of that resolution.

This case concerns the administration of a fund in court, and this court having itself created that fund by its mandate before the Court of Appeals statute was enacted, and being engaged in the exercise of such administration when that statute was enacted, it is the "law" that this court will dispose of that fund, and that no other court can. The framer of the Court of Appeals act saw that there would be cases like this, and inserted the proviso above referred to. Analogies of the application of the principle involved may be seen in *French* v. *Hay*, 22 Wall. 250; *Hudson* v. *Detroit Superior Court*, 42 Michigan, 239; and *Dietzsch* v. *Huidekooper*, 103 U. S. 494.

The doctrine laid down in *French* v. *Hay* is directly in point. See also the recent case of *City Bank of Fort Worth* v. *Hunter*, 152 U. S. 512, where the court says, referring to *Perkins* v. *Fourniquet*, 14 How. 328: "That case does not sustain the broad proposition that, without reference to the value of the matter in dispute, an *appeal* will lie from a decree simply upon the ground that it is in violation of, or a departure from, the mandate of this court. While compliance with a mandate of this court, which leaves nothing to the judgment or discretion of the court below, and simply requires the execution of our decree, may be enforced by mandamus, without regard to the value of the matter in dispute, we cannot entertain an appeal if the value of the matter in dispute upon such appeal is less than $5000. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 5 U. S. App. 97, 100."

The converse of this is, that an appeal does lie when a sufficient amount is involved.

"Provided by law," in section 6 of the Judiciary Act of

1891, does not mean provided by statute law only. It means, also, provided by the course and practice of the courts. See *In re Neagle*, 135 U. S. 1, 59.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By section 4 of the Judiciary Act of March 3, 1891, c. 517, 26 Stat. 826, 827, it was provided that the review, by appeal, by writ of error, or otherwise, from the existing Circuit Courts, shall be had only in the Supreme Court of the United States, or in the Circuit Court of Appeals hereby established, according to the provisions of this act regulating the same. Section 5 enumerated the classes of cases in which appeals or writs of error might be taken from the Circuit Courts direct to this court; and section 6 provided that the Circuit Courts of Appeals should exercise appellate jurisdiction to review by appeal or by writ of error final decisions of the Circuit Courts " in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law." By section 14, " all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections 5 and 6 of this act " were repealed.

In *Lau Ow Bew* v. *United States*, 144 U. S. 47, 56, it was held that " the words ' unless otherwise provided by law'' were manifestly inserted out of abundant caution, in order that any qualification of the jurisdiction by contemporaneous or subsequent acts should not be construed as taking it away except when expressly so provided. Implied repeals were thereby intended to be guarded against. To hold that the words referred to prior laws would defeat the purpose of the act and be inconsistent with its context and its repealing clause."

By joint resolution of March 3, 1891, it was provided " that nothing in said act shall be held or construed in anywise to impair the jurisdiction of the Supreme Court or any Circuit Court of the United States in any case now pending before it," and it was added, " or in respect of any case wherein the writ of error or the appeal shall have been sued out or taken

to any of said courts before the first day of July, *anno Domini* eighteen hundred and ninety-one."

The act of March 3, 1891, went into immediate operation. *In re Claasen*, 140 U. S. 200. But the jurisdiction of this court having been preserved in respect of writs of error or appeals sued out or taken before July 1, 1891, by the joint resolution, we had jurisdiction of the appeal of Marcus which was taken June 12 of that year. This case does not come within either of the classes of cases specified in section 5, and the appeal was not prayed until August 20, 1893. It must therefore be dismissed. *National Exchange Bank* v. *Peters*, 144 U. S. 570; *Wauton* v. *De Wolf*, 142 U. S. 138; *Ogden* v. *United States*, 148 U. S. 390; *Aspen Co.* v. *Billings*, 150 U. S. 31; *Voorhees* v. *Noyes Manf'g Co.*, 151 U. S. 135; *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 5 U. S. App. 97. It is said, however, that the disposition of the case involved the construction and application of the mandate of this court as to costs. If it could be contended that our mandate had been misconstrued or disregarded, this would not give complainants the right of appeal after July 1, 1891, but the remedy would be by mandamus. *City Bank* v. *Hunter*, 152 U. S. 512. Lest, however, appellants might unnecessarily seek a review of the matter in that form of procedure, we deem it proper to say that the Circuit Court was right in the view taken of the mandate. The remedy of appellants lay in an appeal to the Circuit Court of Appeals for the Sixth Circuit.

In *Texas & Pacific Railway* v. *Anderson*, 149 U. S. 237, the action of the Circuit Court conformed to the mandate, and there were no proceedings subsequent thereto not settled by the terms of the mandate itself, and we therefore held, upon the authorities cited and for the reasons given, that, on the facts appearing in that record, the Circuit Court of Appeals could not review by writ of error the judgment of the Circuit Court. But in this case the Circuit Court was at liberty to consider, as it did, the application for an allowance out of the fund on the footing of costs between solicitors and clients, and its action in that regard was open to review in the Circuit Court of Appeals.                              *Appeal dismissed.*