## *In re* BLAKE AND OTHERS, *Ex parte.*

### No number. ORIGINAL.

Application for leave presented October 80, 1899. — Denied November 13, 1899.

*Blake* v. *McClung,* 172 U. S. 239, (which case was brought here by writ of error to the Supreme Court of the State of Tennessee,) having been remanded to that court, and the mandate having gone down, the counsel of Blake and others moved for the entry of a decree placing them in the same class and on exact equality with the Tennessee creditors in respect to the distribution of the assets of the insolvent company among its creditors; but this the state Supreme Court declined to do, and entered a decree that Blake and others were entitled to participate in the assets on the basis of a broad distribution of the assets of the corporation among all

Statement of the Case.

of its creditors without preference or priority, as though the act of 1877 had not been passed; that there should be a computation of the aggregate indebtedness due from the corporation to its creditors of every class wherever residing, whereupon Blake and others should be paid the percentage and proportion found to be due to them on that basis; and that the residue of the estate of the insolvent company should be applied, first to the payment of the indebtedness due to the creditors of the corporation residing in Tennessee as provided in section five of the act of 1877, and then *pro rata* to the payment of the debts of the alien and non-resident creditors of said corporation other than Blake and others. To this decree Blake and others duly excepted, but, insisting that that court had not complied with the mandate of this court, applied for leave to file a petition for mandamus to compel such compliance. *Held* that, without inquiring whether the conclusions of the Supreme Court of Tennessee were or were not in harmony with the views expressed by this court, the remedy of petitioners for the alleged error in the decree of that court, if any, is by writ of error and not by mandamus, the remedy on error being not only entirely adequate, and open to be sought unrestrained by the amount involved, but, in respect of dealing with state tribunals, being manifestly the proper remedy.

THE Embreeville Freehold, Land, Iron and Railway Company, Limited, was a corporation organized under the laws of Great Britain and Ireland for mining and manufacturing purposes, carrying on business in the State of Tennessee, as authorized by a law of that State of March 19, 1877. The fifth section of the act gave priority in the distribution of assets to resident creditors of the State. The company having become insolvent, McClung and others filed an original creditors' bill in the proper court, asking the appointment of a receiver and the administration of the affairs of the company as an insolvent corporation. The case resulted in a final decree by the Supreme Court of Tennessee adjudging that the Tennessee creditors were entitled, under said section, to priority in the distribution of the assets over simple contract creditors of other states and countries. Among the creditors affected were C. G. Blake and Rogers, Brown and Company, citizens of the State of Ohio, and the Hull Coal and Coke Company, a corporation of Virginia, who, being dissatisfied, sued out a writ of error from this court. And it was held, reversing the decree of the state Supreme Court, that the fifth section of the act of 1877, in so far as it gave priority to

Tennessee creditors over creditors of the same class of other States of the Union, was in violation of the second section of the fourth article of the Constitution, providing that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States;" but it was also ruled that a corporation created under the laws of another State was not a "citizen" within the meaning of this clause. *Blake* v. *McClung*, 172 U. S. 239, 258, 261.

In the opinion, among other things, it was said: "We adjudge that when the general property and assets of a private corporation, lawfully doing business in a State, are in course of administration by the courts of such State, creditors who are citizens of other States are entitled, under the Constitution of the United States, to stand upon the same plane with creditors of like class who are citizens of such State, and cannot be denied equality of right simply because they do not reside in that State, but are citizens residing in other States of the Union."

The judgment was in these terms: "The final judgment of the Supreme Court of Tennessee must be affirmed as to the Hull Coal and Coke Company, because it did not deny to that corporation any right, privilege or immunity secured to it by the Constitution of the United States. As to the other plaintiffs in error, citizens of Ohio, the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion; and it is so ordered."

The mandate having gone down, the counsel of Blake and Rogers, Brown and Company moved for the entry of a decree placing them in the same class and on exact equality with the Tennessee creditors in respect to the distribution of the assets of the insolvent company among its creditors, but this the state Supreme Court declined to do, and entered a decree that Blake and Rogers, Brown and Company were entitled to participate in the assets on the basis of a broad distribution of the assets of the corporation among all of its creditors without preference or priority, as though the act of 1877 had not been passed; that there should be a computation of the aggregate indebtedness due from the corporation to its creditors of every

class wherever residing, whereupon Blake and Rogers, Brown and Company should be paid the percentage and proportion found to be due to them on that basis; and that the residue of the estate of the insolvent company should be applied first to the payment of the indebtedness due to the creditors of the corporation residing in Tennessee as provided in section five of the act of 1877, and then *pro rata* to the payment of the debts of the alien and non-resident creditors of said corporation other than Blake and Rogers, Brown and Company. Beard, J., dissented. 52 S. W. Rep. 1001.

To this decree Blake and Rogers, Brown and Company duly excepted, but, insisting that that court had not complied with the mandate of this court, applied for leave to file a petition for mandamus to compel such compliance.

*Mr. Heber J. May* and *Mr. Tully R. Cornick* filed a brief for petitioners.

*Mr. S. C. Williams* and *Mr. John W. Green* were allowed to file a brief in opposition.

MR. CHIEF JUSTICE FULLER, after making the above statement of the case, delivered the opinion of the court.

The writ of mandamus cannot be issued to compel a judicial tribunal to decide a matter within its discretion in a particular way, or to review its judicial action had in the exercise of legitimate jurisdiction, nor be used to perform the office of an appeal or writ of error. And it only lies, as a general rule, where there is no other adequate remedy. As respects the Federal courts, it is well settled that where the mandate leaves nothing to the judgment or discretion of the court below, and that court mistakes or misconstrues the decree or judgment of this court and does not give full effect to the mandate, its action may be controlled, either upon a new appeal or writ of error if involving a sufficient amount, or by writ of mandamus to execute the mandate of this court. *City Bank of Fort Worth.* v. *Hunter,* 152 U. S. 512; *In re Sanford Fork and Tool Company,* 160 U. S. 247; *In re Potts,* 166 U. S. 263.

Nevertheless, without inquiring whether the conclusions of the Supreme Court of Tennessee were or were not in harmony with the views expressed by this court, we are of opinion that the remedy of petitioners for the alleged error in the decree of that court, if any, is by writ of error and not by mandamus. The remedy on error is not only entirely adequate and open to be sought unrestrained by the amount involved, but in respect of dealing with state tribunals is manifestly the proper remedy.

That it is adequate under § 709 of the Revised Statutes is clear. *Stanley* v. *Schwalby*, 162 U. S. 255, a case on a second writ of error to the state court, in which the statutes and decisions bearing on the subject are fully considered. And that it should be resorted to when the action of the state courts is complained of is equally plain. Assuming that the question of the form of the proceeding which this court might adopt to enforce the execution of its own mandates in the courts of the United States is one of practice merely, and either mode might be pursued, as ruled by Mr. Chief Justice Taney in *Perkins* v. *Fourniquet*, 14 How. 328, 330, we think the summary character of the proceeding by mandamus renders it inappropriate in respect of the courts of another jurisdiction.

By the thirteenth section of the judiciary act of September 24, 1789, c. 20, 1 Stat. 81, this court was clothed with the power to issue "writs of mandamus in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States;" and this was carried forward into § 688 of the Revised Statutes. And it was ruled in *Graham* v. *Norton*, 15 Wall. 427, that "this express authority to issue writs of mandamus to National courts and officers has always been held to exclude authority to issue these writs to state courts and officers;" excepting "where they have been issued as process to enforce judgments." In *Gordon* v. *Longest*, 16 Pet. 97, which was a writ of error to review the action of a state court wrongfully refusing to remove a case into the Circuit Court, Mr. Justice McLean intimated that mandamus might lie to compel action by the state court, but the remark was purely *obiter* and cannot be regarded as authoritative.

By the fourteenth section of the judiciary act, Circuit Courts were vested with power " to issue writs of *scire facias,* . . . and all other writs not specially provided for by statute, which may be necessary to the exercise of their respective jurisdictions, and agreeable to the principles and usages of law ; " which was reënacted as section 716 of the Revised Statutes. In *Bath County* v. *Amy,* 13 Wall. 244, it was held that the Circuit Courts had no power to issue writs of mandamus to state courts, by way of original proceeding, and where the writ was neither necessary nor ancillary to any jurisdiction which the court then had.

But our attention has been called to no case in which this court has exercised jurisdiction by mandamus under circumstances similar to those supposed to exist here; while there are cases in the Circuit Courts which illustrate the propriety of declining to do so.

In *Ladd* v. *Tudor,* 3 Wood. & Min. 325, 332, which was an application for a mandamus to compel a state court to remove a cause to the Circuit Court, Mr. Justice Woodbury said : " Some doubt might exist, whether a mandamus to a state court from this tribunal organized under another government, was a proper remedy. It has been settled that a state court cannot issue a mandamus to an officer of the United States. *McClung* v. *Silliman,* 6 Wheat. 598. In 16 Pet. 97 the remedy was by a writ of error to reverse the first judgment in the state court. And where another remedy lies, a mandamus is held to be improper. 10 Johns. 484. But Cooke, 160, seems to countenance the present cause. *Brown* v. *Crippin,* 4 Hen. & M. 173, quoted in some of the digests for it, seems, on examination, to be a case of a mandamus by the highest state court to the common pleas in the same State, to remove such a case, and not one from a court of the United States. . . . In *McIntire* v. *Wood,* 7 Cranch, 504, it was held that a mandamus did not lie from the Circuit Court to an officer of the United States; and though that speaks generally of the power of this court to issue it in order to sustain its jurisdiction, and the decision in Cooke rests on that power of superior courts to enforce their jurisdiction over inferior ones by man-

damus, yet it is very questionable whether a case like the present ought to be considered within that principle. It is a correct principle between inferior and superior courts of the same government, but difficult to be upheld between courts established by separate governments. If necessary to decide on this, it might require more grave consideration before sustaining it in cases like this, because being a mode of redress very likely to lead to jealousies and collisions between the States and General Government of a character anything but desirable." *The Justices* v. *Murray*, 9 Wall. 274, was a writ of error to the Circuit Court for the Southern District of New York from a judgment for a peremptory mandamus rendered against the justices of the Supreme Court of New York for the Third District to remove a cause, but Mr. Justice Nelson stated in a note on page 276, that : " The alternative and peremptory mandamus against the Supreme Court of New York was allowed by consent of the counsel for the defendants, with a view to present the question raised and decided in the case. The Circuit Court had refused to issue it against the court, and issued it only against the clerk. This is stated to prevent the case from being cited as an authority for the power, and without intending to express any opinion on this subject." And see *Hough* v. *Western Transportation Company*, 1 Bissell, 425, Drummond, J.; *Fisk* v. *Union Pacific Railroad Company*, 6 Blatchford, 362, Blatchford, J.; High on Extr. Remedies, Third Edition, § 227 *et seq.*, and cases cited.

*Leave to file petition denied.*