EDINBURG COAL CO. v. HUMPHREYS, Judge.

(Circuit Court of Appeals, Seventh Circuit.  January 3, 1905.)

No. 1,129.

1. MANDAMUS—JUDICIAL ACTION—NECESSITY OF DEMAND AND REFUSAL.
     A writ of mandamus will not be granted to compel action by a court
  for which no application has been made to such court.
     [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 44–
  46.]

2. SAME—NATURE AND GROUNDS.
     The appointment of a receiver for a corporation, with power to borrow
  money, on the filing of a petition in involuntary bankruptcy against the
  corporation, is within the jurisdiction of the District Court, and neither
  the validity of such an order nor the effect thereon of a subsequent dis-
  missal of the petition on a finding that the corporation was not subject
  to bankruptcy proceedings can be reviewed or determined by the Circuit
  Court of Appeals on an application for a writ of mandamus.

Mandamus.  On demurrer to petition.

The petition here represents that upon a petition filed in the bankruptcy
side of the District Court of the United States for the Southern District of
Illinois, to adjudge the relator an involuntary bankrupt, and the resistance
of the relator, that it was not a company engaged principally in mercantile
pursuits, an order was entered finding that the court had no jurisdiction to
declare the relator a bankrupt; sustaining a demurrer to the petition; and
dismissing the petition.

The petition in the District Court to have the relator declared a bankrupt,
was filed on the fifteenth day of June, 1900, and the order of dismissal was
not entered until the sixth day of February, 1903.  In the meantime, a re-
ceiver pendente lite was appointed to control and manage the property; who
was directed to issue receiver's certificates to the amount of five thousand
dollars, bearing interest at six per cent. and to borrow money upon the same.

The petition in this court further represents that the money was raised;
that the receiver is still in possession of the property; and that the District
Court is now entertaining a petition for the sale of the property, to answer
to the obligations incurred by the receiver in the issuance of the certificates.
The petition prays for a writ of mandamus directed to the respondent, com-
manding him forthwith to make such orders and entries as may be proper,
and necessary, to enforce its judgment of dismissal; to restore to the peti-
tioner completely and entirely, the property without loss or diminution; and
for such other order as may be made in the premises.

To this petition the respondent has demurred upon the following grounds,
among others:  That no proper application has been made by the relator to
the respondent to take the action asked for by the former, and no unwarrant-
able refusal to so act is shown; that the relator does not show that he has a
clear legal right to the performance of the alleged duty at the hands of the
respondent; that it does not appear that the law affords no other adequate
and specific remedy; that the relator has other adequate and specific remedy;
and that the relator has slept upon its rights for an unreasonable length of
time.

John M. Dickson, for relator.
Clinton L. Conkling and James M. Graham, for respondent.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts).   Were the pro-
ceedings in the District Court coram non judice, the relator's petition
would fail because of want of application to the District Court before

the presentation of the petition here. Were this the correct view of the relation of the District Court to the relator, the petition for mandamus would be analogous to a writ of replevin, or a suit in detention, looking to the delivery of the property. In no such suit is a writ ever issued until demand has been made upon the party withholding the property. Under no view of this case, then, can this petition, on its present averments, be sustained.

But we do not think that the receivership proceedings in the District Court were coram non judice. Whether the relator was a company engaged principally in mercantile business or not—and whether, pending such determination, a receiver should have been appointed, with authority to borrow money—were judicial questions properly within the jurisdiction of the District Court, in the first instance, to determine. So also, what effect the order of dismissal should be held to have upon the receivership proceedings pending such order, is itself a judicial question to be determined according to legal principle, and primarily, by the District Court. Blake v. McClung, 172 U. S. 239, 19 Sup. Ct. 165, 43 L. Ed. 432; In re Blake et al., 175 U. S. 114, 20 Sup. Ct. 42, 44 L. Ed. 94. Questions of this character cannot be revised in this court by a writ of mandamus. They must come up through the regular channels of appeal and error.

The demurrer of the respondent is sustained, and the petition of the relator is dismissed.