GEORGE ZEIGLER et al. Appellees, vs. L. A. BRENNEMAN
et al. Appellants.

*Opinion filed December 15, 1908.*

1. ESTOPPEL—*estoppel cannot be based on silence where party is ignorant of his rights.* Silence and acquiescence by the children of the lessor during the time the lessee was expending money in the development of the leased land for oil and gas do not give rise to an estoppel against the assertion by the children of their rights in the land, where they were in ignorance of such rights during such period and gave notice to the lessee within a reasonable time after learning of their rights.

2. CO-TENANCY—*when a lease by one co-tenant is valid against lessor.* An oil and gas lease made by one co-tenant without the knowledge of the others and which purports to be of the entire premises is entitled to no consideration in determining the rights of the other co-tenants in the property; but as between the lessor and lessee the lease is valid even while the premises remain undivided, and it is only when, and so far as, the lease comes in conflict with the interests of the other co-tenants that it is void.

3. SAME—*effect where co-tenants make different leases.* An oil lease made by one co-tenant without the knowledge of the others is valid as to his interest though void as to the others, and if he subsequently joins with the other co-tenants in a lease to another person who has notice, no title to his interest passes to the new lessee; but each lessee has a valid lease as to the interests of his respective lessors, and while neither lessee can have partition, they may, by agreement with each other, operate for oil while the premises remain undivided, or any lessor may have partition and the leases will follow the respective interests of the lessors.

APPEAL from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

This is an appeal by L. A. Brenneman and A. T. Mc-Donald from a decree of the circuit court of Crawford county which cancels and sets aside as clouds upon the title of Edgar D. Zeigler, Ernest Zeigler, Anna Price and Charles A. Rapp, a lease executed to appellants by George Zeigler and Rachel Zeigler, his wife, and the assignments thereof, upon 18.825 acres of gas and oil land located in Crawford county. The decree also enjoins appellants or

their agents or servants from in any manner interfering with the said Charles A. Rapp or his assigns in drilling or operating for oil or gas on said premises, or from entering thereupon for the purpose of prospecting or drilling for oil or gas, or from doing any other act tending to the production of oil therefrom.

George Zeigler, Rachel Zeigler, Edgar D. Zeigler, Drucilla Zeigler, Ernest Zeigler, Julia Zeigler, Anna Price, John Price and Charles A. Rapp, the appellees, were the complainants and appellants were made defendants in the bill, which was filed on August 23, 1907. Later a supplemental and an amended supplemental bill were filed. Defendants answered, a replication was filed, and on April 10, 1908, upon a hearing before the court, a decree was entered, finding, among other things, that George Zeigler, Edgar D. Zeigler, Ernest Zeigler and Anna Price are now, and have been for nine years prior to the filing of said bill, the owners in fee simple, as tenants in common, of the land in question, and that George Zeigler is the owner of the undivided one-half and that Edgar D. Zeigler, Ernest Zeigler and Anna Price are each the owner of the undivided one-sixth thereof; that said premises are in what is known as gas and oil territory, and that on June 25, 1907, said George Zeigler and Rachel Zeigler, his wife, Edgar D. Zeigler and Drucilla Zeigler, his wife, Ernest Zeigler and Julia Zeigler, his wife, Anna Price and John Price, her husband, executed a lease to said premises for oil and gas purposes to Charles A. Rapp, but that through the mistake of the scrivener who drew the lease the premises were misdescribed, and that on February 17, 1908, upon learning of the said mistake, the said lessors re-executed said lease with the proper description therein; that said Charles A. Rapp, immediately upon the execution of the first mentioned lease, took possession of said land and placed thereon machinery, a derrick and material and with his employees began the construction of a well for oil and gas, and that shortly after the said Rapp

began said operations the defendants, without any right, unlawfully went in the night time and entered upon said premises and with force removed the said machinery, tools and derrick and greatly injured and damaged the property of said Rapp, and with force attempted to prevent him from operating upon the said premises for oil or gas; that Rapp again placed his machinery, tools and derrick upon said premises and constructed thereon a well and succeeded in producing oil on said premises, and placed a tower thereon for the purpose of operating said well, and continued to operate the said well until the appointment of a receiver by the said court pending the determination of this cause, and that since said appointment the said receiver has been operating the said premises for oil.

The decree further finds that on June 9, 1905, the said George Zeigler and Rachel Zeigler attempted to execute what is called an oil and gas lease upon the premises in controversy to one W. W. Seybert, and that said instrument was filed for record in the recorder's office of Crawford county on February 13, 1906; that on April 3, 1906, the said Seybert assigned and transferred all his right, title and interest in his lease covering the land in question to one I. E. Ackerly, trustee, and that on April 20, 1906, the said assignment was filed for record in the recorder's office of Crawford county; that on January 29, 1907, the said Ackerly, as trustee, assigned and transferred all his right, title and interest in and to said premises and said lease to the said McDonald and Brenneman, defendants, and that the said assignment was filed for record in the recorder's office of that county on February 1, 1907, and that the lease executed to Seybert, the assignments and the records thereof are clouds upon the title of Edgar D. Zeigler, Ernest Zeigler, Anna Price and Charles A. Rapp, and should be canceled and removed as to their interests.

The decree finds that Edgar D. Zeigler, Ernest Zeigler and Anna Price had no knowledge of the execution of said

237—2

lease to Seybert at the time it was executed, and that when they were apprised of the fact and of their rights in the premises they objected to the pretended lease and refused to join in the execution of the same, and notified defendants not to enter upon said premises for the purpose of operating for oil or gas, and have not at any time recognized the right of defendants to so operate thereon under said lease; that the said lease executed to Seybert by George and Rachel Zeigler gave to Seybert or his assigns no right to operate upon the said premises for oil or gas so long as the interest of said Zeigler remained unassigned to him, and that said lease is void as to the interests of Edgar D. Zeigler, Ernest Zeigler and Anna Price, but that it is binding upon the interest of George Zeigler in the said premises should the same be assigned and set off to him during the life of said lease, and that in case such assignment is made appellants shall have the right to go upon the portion of said premises so set off to said George Zeigler and operate thereon for oil or gas, according to the terms and conditions of said lease. The decree further finds that Edgar D. Zeigler, Ernest Zeigler, Anna Price and Charles A. Rapp are entitled to the relief prayed for by them, except that said Rapp has no right to operate for oil or gas upon that portion of said premises which may hereafter be set off to the said George Zeigler or his grantees, if said interest be set off during the term of said lease executed to appellants.

It is ordered and decreed that Charles A. Rapp shall have the right to go upon said premises, and each and every part thereof, during the term of the lease executed to him and to drill and operate for oil or gas, which right shall continue during the life of said lease, provided that if the interest of said George Zeigler shall be set off as hereinbefore set forth, the said Rapp shall have no right to go upon the portion of the premises so set off and shall have no right to interfere in any manner with the developing and operating of such portion of the said premises by the

appellants, provided, however, that if the lease now owned
by the defendants shall have expired and the lease now
owned by Rapp be in full force and effect, then the said
Rapp shall have the right to go upon any part of the said
premises to develop and operate the same according to the
terms and conditions of his lease.  It is then ordered that
defendants, their agents and employees, be perpetually en-
joined from entering upon said premises for the purpose of
operating for oil or gas so long as the interest of George
Zeigler remains unassigned, and from in any manner inter-
fering with Charles A. Rapp or his assigns in operating
upon said premises for oil or gas or from interfering with
the well drilled by themselves on said premises; that the
said lease executed by George Zeigler and Rachel Zeigler
to the said Seybert, and the several assignments and records
thereof covering the premises in controversy, are clouds
upon the title of Edgar D. Zeigler, Ernest Zeigler, Anna
Price and Charles A. Rapp, and the same are canceled and
held for naught in so far as they apply to their interests in
the land in question.

It appears from the record that on February 11, 1865,
George Zeigler and Martha V. Zeigler, his first wife, each
became the owner of an undivided one-half of the land in
question.  About nine years before the filing of the bill
Martha V. Zeigler died seized of her interest in this prop-
erty, leaving no will, and leaving surviving her, her hus-
band, and Edgar D. Zeigler, Ernest Zeigler and Anna Price,
her children and only heirs-at-law.  After her death her
husband continued to occupy the premises, and up until a
short time prior to the beginning of this suit managed and
controlled the same as if they were his own property.  On
June 9, 1905, George Zeigler and Rachel Zeigler, his sec-
ond wife, executed a gas and oil lease to the premises in
question to one W. W. Seybert for a term of three years,
and so long thereafter as oil or gas was produced from the
land and royalties and rentals paid by the lessee therefor,

giving to the said Seybert or his assigns the exclusive right to mine for and produce oil and natural gas from said tract of land. Seybert's rights passed to defendants, and Seybert's lease, and the instruments effecting its transfer, were recorded as recited by the decree. During the month of February, 1907, appellants began drilling on the land, and about March 11, 1907, completed a productive and paying oil well. A pump was placed in the well, tanks erected on the ground and the well was operated by them until the beginning of this suit, when a receiver was appointed, who has since operated the well. Shortly after the completion of this well appellants hauled material on the ground to begin the construction of a second well. After the second rig had been erected by appellants Edgar D. Zeigler gave notice to their agent, who was actually operating the land, that he and his brother and sister had an interest in the land and warned the agent that appellants should not operate further. On June 25, 1907, George Zeigler, Edgar D. Zeigler, Ernest Zeigler, together with their wives, and Anna Price and her husband, attempted to execute a gas and oil lease to the premises in question to Charles A. Rapp for a term of ten years, and as long thereafter as oil and gas, or either of them, was produced from the land. By a mistake of the scrivener who drew the instrument the land was misdescribed, and on February 17, 1908, upon learning of the mistake, the lease was re-executed and the land properly described. Shortly after the execution of the lease, in June, 1907, Rapp went upon the premises with his employees and began the erection of a derrick for the purpose of drilling a well, but before he had accomplished much toward that end appellants removed his tools and machinery from the land. Rapp then procured a force of men, replaced his appliances on the land and proceeded to dismantle and destroy the machinery of appellants. About this time a truce was arranged between the various parties and it was agreed that the matter should be submitted to

the courts. Rapp then constructed a well, and during the pendency of these proceedings a receiver appointed by the court has operated both that well and the one drilled by the appellants.

It is apparent from the evidence that Edgar D. Zeigler, Ernest Zeigler and Anna Price were aware of the operations of appellants upon the land from the time they began work, and made no objection thereto until after the first well was completed and in operation. Each of them testify, however, that they did not know that they had any interest in the land until shortly before the notice was given to appellants' agent by Edgar D. Zeigler.

The rental reserved by the Seybert lease, under which appellants operated, was one-eighth of the oil produced, delivered in pipe line. The rental reserved by the Rapp lease was one-sixth of the oil produced, delivered in pipe line, an additional sum of $1200 to be paid out of Rapp's share of the oil produced and certain additional rentals not necessary to be here specified, which additional rentals were payable only upon condition that certain things specified in the lease should occur.

It is contended by appellants that the decree of the circuit court is erroneous and should be reversed.

GOLDEN, SCHOLFIELD & SCHOLFIELD, and A. LEO WEIL, for appellants.

EAGLETON & WESNER, and PARKER & NEWLIN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

George Zeigler and Martha V. Zeigler, his first wife, owned each an undivided one-half of the real estate covered by the oil and gas leases here involved, as tenants in common. Upon the death of the wife, intestate, her title

in the land passed to their three children, burdened with the dower right of the husband. At the time of the execution of the Seybert lease George Zeigler was, as he had been for many years, in the sole possession of the real estate, claiming and apparently believing himself to be the holder of the entire title. The heirs of Martha V. seem to have shared his belief as to the condition of the title. After the lease had been assigned to appellants, they, with the knowledge of the three children, operated the land for oil and developed a paying well. Up to that time the children made no objection to appellants' proceedings but by their silence acquiesced in what was being done. Shortly after a paying well was brought in by appellants, however, the children served notice upon them to the effect that they owned an interest in the land and warned appellants to proceed no further.

It is contended by appellants that these children, by their silence and acquiescence while appellants expended large sums of money and demonstrated the great value of the property, are estopped to assert, as against the appellants, their title to the premises or to object to appellants operating the land for oil. There is evidence which tends to show, and the court found, that these children were ignorant of the fact that they owned any interest in this land until after appellants' well was brought in. With this finding of fact we are not disposed to interfere. Within a reasonable time after they so ascertained that they owned an interest in the land they gave notice to appellants. No estoppel arises against them, because during the time of their silence they were ignorant of the fact that they owned an interest in the land. *Mullaney* v. *Duffy,* 145 Ill. 559; *Bradley* v. *Lightcap,* 202 id. 154.

The parties to this litigation agree that one tenant in common may not operate for oil against the protest or without the consent of the other tenants in common. Appellants contend, however, that the lease from George Zeig-

ler to Seybert was binding, as between the parties thereto, so far as the interest of George Zeigler in the oil and gas was concerned, while appellees' position is that the Seybert lease, having been made by one tenant in common without the other tenants in common joining therein, is wholly and entirely void so long as the lands remain undivided, and that during that time the owners of the land, including the lessor of appellants, may have the land operated for oil and enjoy the profits precisely as though the Seybert lease had never been made, but that in the event of a partition of the land, then the Seybert lease will become operative and give to the holder thereof the sole right to operate for oil the portion of the real estate set off to George Zeigler.

Appellees by their brief quote and rely upon section 198 of Freeman on Co-tenancy, which in our judgment states the law correctly, in these words: "A conveyance of the minerals in a tract of land, reserving his interest in the land itself, made by a co-tenant to a stranger, is regarded as void as against the co-tenants of the grantor, 'because it is an attempt to create a new and distinct tenancy in common between one co-tenant and the others in distinct parts of the common estate, which is contrary to the rules of law.' "

The lease is void as against the grantor's co-tenants,—that is to say, in determining their rights in the property no consideration is to be given to the existence of that lease. But it does not follow therefrom that it is of no effect as between the lessor and the lessee, even while the premises remain undivided. On the contrary, as between them it is just as valid as a lease of property owned entirely by the lessor. (Freeman on Co-tenancy and Partition, sec. 253.) The law is that one tenant in common may not prejudice the rights of his co-tenants by a conveyance of any specific part, or of any interest, right or license in any specific part, of the common property, but such a conveyance is valid as against the grantor, at least by way of estoppel. It is only where, and as far as, it comes in conflict with the interests

of the co-tenants that it is void. (*Fredrick* v. *Fredrick*, 219 Ill. 568; *Finch* v. *Green*, 225 id. 304.) In the present case, after the execution of the lease to Seybert, he and George Zeigler together held and possessed all the privileges, right, title and interest in the land, including the oil and gas, that George Zeigler had before possessed, and the rights of George Zeigler's co-tenants remained precisely as they were before that lease was made. For example, if there was a partition of the land, then the Seybert lease would follow the interest of George Zeigler and be operative only upon the land set off to him, but as between George Zeigler and Seybert the latter had the same right in reference to operating the land for oil and gas that George Zeigler had prior to the execution of the lease, subject only to such burdens as were imposed upon Seybert by that instrument. It follows, therefore, that nothing was conveyed to Rapp by George Zeigler when he joined in the lease which Rapp took. Rapp has no greater right than if his lease was alone with the children of Martha V. Zeigler, the Seybert lease having been recorded and operations having been in full swing on the land under that instrument when Rapp took his lease. Neither of the lessees' can maintain partition, (*Watford Oil and Gas Co.* v. *Shipman*, 233 Ill. 9,) and neither of them has the right to operate without the consent of the other, (*Murray* v. *Haverty*, 70 Ill. 318,) but either of the lessors can maintain partition, and in that way give to his lessee the sole right to operate for oil and gas in the portion of the land which may be set off to such lessor. If appellants and Rapp can agree upon the method by which this land shall be operated then they may operate it, one-half of the oil going to Rapp, out of which he shall pay to each of the children of Martha V. Zeigler one-eighteenth part of that half as rent or royalty, the other half of the oil going to appellants, out of which they shall pay one-eighth part of that half to George Zeigler as rent or royalty. If, however, appellants and Rapp cannot so agree,

neither can rightfully operate the land for oil unless some one of the tenants in common elect to have the land partitioned, in which event the rights of each lessee will attach to the land set off to his lessor or lessors. It is true that this view requires the children of Martha V. Zeigler or their lessee to agree upon the operation of the land for oil and gas, in case they so desire to operate while the land remains undivided, with appellants instead of with George Zeigler; but in law this is not to be regarded as prejudicial to their interests, as it cannot be said that George Zeigler's lessees will be less ready to join with the children or their lessee in operating the land than would George Zeigler himself.

No question respecting the dower right of George Zeigler has been presented by the parties.

The decree herein must be reversed and the cause remanded to the circuit court. Upon the cause being redocketed the court will enter a decree providing that the lease from George Zeigler to Seybert, and its assignments, shall be canceled and set aside and for naught held in so far as they appear to convey any right, privilege or license in and to the interest in the real estate which Martha V. Zeigler's children inherited from her, but leaving that lease and its assignments in full force and effect so far as they purport to convey any right, privilege or license with respect to the interest of George Zeigler in the real estate. The decree shall also provide for the division of the oil already produced, or its proceeds, in the manner following: The oil produced before June 25, 1907, (which was the date of the first lease made to Rapp,) or its proceeds, shall be divided, without any charge for production, in the manner following: The one-sixteenth to George Zeigler, the seven-sixteenths to appellants, and to each of the three children of Martha V. Zeigler the one-sixth part. All the oil produced on and after June 25, 1907, down to the time of the appointment of the receiver, or its proceeds, without any charge for production, shall be divided in the manner

following: To George Zeigler the three forty-eighths, to appellants the twenty-one forty-eighths, to each of the three children of Martha V. Zeigler the one thirty-sixth, and to Rapp the twenty forty-eighths part. The oil produced since the time of the appointment of the receiver, or its proceeds, after his disbursements and charges have been provided for out of the oil so produced, shall be divided in the same manner as the oil above mentioned which was produced on and after June 25, 1907, down to the time of the receiver's appointment. For the purpose of effecting such division of the oil, or its proceeds, as is hereby awarded, the decree shall provide for any party hereto accounting and making payment to any other party hereto as may be necessary. If desirable for the purpose of effecting such division, additional proof may be taken, either in open court or upon a reference to a master. The costs of the circuit court other than the charges and disbursements of the receiver shall be adjudged one-half against the complainants and one-half against the defendants. The receiver shall be discharged and the cause shall be stricken from the docket.

*Reversed and remanded, with directions.*