# TEXAS & PACIFIC RAILWAY COMPANY *v.* ANDERSON.

## CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 1312. Submitted April 17, 1893. — Decided May 1, 1893.

A Circuit Court of Appeals cannot review by writ of error the judgment of a Circuit Court of the United States, in execution of a mandate of this court, when the action of the Circuit Court conforms to the mandate, and there are no proceedings subsequent thereto, not settled by the terms of the mandate itself.

The mandate in this case having stated that the receiver, against whom the action was originally brought, had been discharged and had died, and that the Railway Company had been made the party plaintiff in error, and having ordered that the plaintiff recover against the Railway Company her costs expended herein and have execution therefor, further ordered " that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had." Execution accordingly issued against the company for the amount of the judgment with interest at the rate which obtained in Texas when the judgment was rendered. *Held,* that this action conformed to the mandate, and was not subject to review by the Circuit Court of Appeals.

ON September 13, 1888, judgment was rendered in the Circuit Court of the United States for the Eastern District of Texas against John C. Brown and Lionel A. Sheldon as

receivers of the Texas and Pacific Railway Company in favor of Ida May Cox for $10,000, with interest from date at eight per cent per annum, the then rate of interest in Texas, "to be paid in due course of their administration of their receivership." Sheldon having resigned as receiver and his resignation having been accepted, Brown, as sole receiver, prosecuted a writ of error from this court and gave a supersedeas bond. While the writ of error was pending the receiver made known to the Circuit Court that the objects and purposes contemplated in the several proceedings under which he had been appointed had been accomplished by settlement and agreement of the parties, and he was thereupon discharged as receiver and the property restored to the company. Subsequently, and before the case came on for hearing, the receiver died. Thereafter defendant in error filed a motion in this court to have the railroad company substituted in place of the receiver, and an order of substitution was entered by this court upon suggestion of the discharge and death of said receiver.

At the time of that order a stipulation, signed by counsel on both sides, was filed, which read as follows: " That the said Texas and Pacific Railway Company may be substituted as plaintiff in error in the above-entitled cause now pending and undetermined upon writ of error in this court, such substitution, however, not to affect any of the questions or controversies presented by the record herein, and the questions and controversies presented by the record are to stand for the decision of this court the same as if said substitution had not been made."

The cause having been argued the judgment was affirmed May 16, 1892. *Texas & Pacific Railway* v. *Cox*, 145 U. S. 593, 601.

On May 19, 1892, the mandate of this court was issued, directed to the Circuit Court of the United States for the Eastern District of Texas, which, after reciting the judgment of that court against the receivers and the writ of error prosecuted by the remaining receiver, proceeded thus:

"And whereas at the October term, A. D. 1889, of said Supreme Court, the discharge of John C. Brown as receiver of the Texas and Pacific Railway Company, and also his death,

having been suggested, it was ordered that the Texas and Pacific Railway Company be made the party plaintiff in error in this cause;

"And whereas in the present term of October, in the year of our Lord one thousand eight hundred and ninety-one, the said cause came on to be heard before the said Supreme Court on the said transcript of record, and was argued by counsel;

"On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs and interest until paid, at the same rate per annum that similar judgments bear in the courts of the State of Texas, and that the said plaintiff recover against the said the Texas and Pacific Railway Company for her costs herein expended, and have execution therefor. May 16, 1892.

"You, therefore, are hereby commanded that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had, the said writ of error notwithstanding."

Pending the writ of error, the defendant Ida May Cox intermarried with one Scott Anderson. Upon reception of the mandate, execution was issued by the clerk of the Circuit Court of the United States for the Eastern District of Texas against the Texas and Pacific Railway Company for the full amount of the judgment with eight per cent interest and costs. The company thereupon filed its bill against the marshal in whose hands the execution had been placed, asking that he be restrained from levying the same upon the ground that there was no judgment to support the execution. A restraining order was granted, which was continued in force until November 22, 1892, when it was dissolved. On that day Mr. and Mrs. Anderson filed a motion that execution should issue in their names against the defendant company. This motion was resisted but the objections of the company thereto were overruled, and the court entered an order directing the clerk to record the mandate and to issue execution against the company for the sum recovered with interest at eight per cent from the date of the original judgment, and

costs, to which action of the court the company excepted, and a bill of exceptions having been signed and approved, a writ of error was allowed from the Circuit Court of Appeals for the Fifth Circuit. The case came on to be heard in that court upon the motion of the defendants in error to dismiss the writ of error for want of jurisdiction and upon the merits, whereupon the court granted a certificate stating the facts as above given, though with greater particularity, which concluded as follows:

"Whereupon, the court desiring the instruction of the honorable the Supreme Court of the United States for the proper decision of the questions arising herein, it is hereby ordered that the following questions and propositions of law be certified to the honorable the Supreme Court of the United States in accordance with the provisions of section 6 of the act entitled 'An act to establish Circuit Courts of Appeals and define and regulate in certain cases the jurisdiction of the Circuit Courts of the United States, and for other purposes,' approved March 3, 1891, to wit:

"First. Does the act of March 3, 1891, entitled 'An act to establish Circuit Courts of Appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' give to said Circuit Courts of Appeals jurisdiction by appeal or writ of error or otherwise to review the decrees, orders, or judgments made by District Courts or existing Circuit Courts construing a mandate from the Supreme Court of the United States and in executing the same?

"Second. Was it the intention of the Supreme Court of the United States in affirming the judgment in the case of John C. Brown, plaintiff in error, v. Ida May Cox, defendant in error, that said judgment should be subject to the general equitable jurisdiction of the court in which such receiver was appointed and be paid in due course of the administration of said receivership, or did it intend that execution should issue directly against the Texas and Pacific Railway Company for the amount of said judgment?

"Third. At the date said judgment was originally recovered, to wit, September 15, 1888, it bore interest under the law of

the State of Texas at the rate of 8 per cent per annum. Subsequently, to wit, on April 13, 1891, the statute of the State of Texas fixing the rate of interest that judgments of this kind should bear was amended, so that instead of bearing eight per cent interest judgments thereafter obtained were made to bear only six per cent interest per annum. Should the judgment in this case bear interest at the rate of eight per cent per annum or at the rate of six per cent per annum?"

*Mr. John F. Dillon, Mr. Winslow S. Pierce* and *Mr. Henry Hubbard* for plaintiff in error.

*Mr. W. Hallett Phillips* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The Circuit Court was correct in awarding execution against the company under the mandate. The judgment was originally against the receiver, to be paid in due course out of the assets in his hands, but the receiver had been discharged and the property restored to the company, and the company had been substituted as the party to the writ of error here, and been made in all respects as liable to the defendant in error as if it had itself brought the writ. The judgment was made final by the order of this court, and was not again subject to be reviewed by the court below in the exercise of its equitable powers or otherwise. If the judgment had been reversed, the company would have recovered its costs against the defendant in error, and the reversal would have been a bar to any liability on the judgment as such. It so happened that it was affirmed, and the company was equally concluded. While the only question is as to the order of this court, we do not think there is any conflict between the mandate and the stipulation, or that the language of the stipulation in any respect limited the liability of the company in case of affirmance. Every point the receiver could have presented was raised on behalf of the company, and disposed of after elabo-

rate argument and careful consideration, and the stipulation in that regard was fully complied with. If it had been intended to reserve the present contention, it is enough to say that that intention was not expressed and cannot be inferred, and the matter was determined by our judgment. The Circuit Court properly attempted to exercise no discretion in the premises, but discharged its duty by carrying the mandate into effect according to its terms. This court awarded execution against the company for the costs here, but it was for the Circuit Court to award execution for the amount of the judgment, as it was directed to do, and as it did, and interest was properly included at the rate which obtained under the law of Texas at the time judgment was rendered, the change in the law in that respect operating only prospectively. Inasmuch as its action conformed to the mandate, and there were no proceedings subsequent thereto not settled by the terms of the mandate itself, the case falls within the rule often heretofore laid down and a second writ of error cannot be maintained. *Cook* v. *Burnley*, 11 Wall. 672, 677; *Stewart* v. *Salamon*, 97 U. S. 361; *Humphrey* v. *Baker*, 103 U. S. 736.

For these reasons, the answer to the first question certified must be that, upon the facts stated in the certificate, the Circuit Court of Appeals cannot review by writ of error this judgment of the Circuit Court in execution of the mandate of this court. This dispenses with the necessity of answering the other questions certified.

<div align="right">

*Ordered accordingly*