UNITED STATES *v.* SEMON BACHE & Co. (No. 4220) [1]

[1] C. A. D. 67-

United States Court of Customs and Patent Appeals, June 26, 1939

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, special attorneys, of counsel), for the United States.
*Jerome G. Clifford* (*George W. Israel* of counsel) for appellee.

[Oral argument May 12, 1939, by Mr. Auster and Mr. Clifford]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court: [2]

This is a reappraisement proceeding in which the Government has appealed from a judgment of the United States Customs Court, Second Division.

The case, in its current condition, presents an anomalous situation, and the attitude assumed toward it by the appellate division as expressed in the opinion upon which the judgment here appealed from is based, renders that situation delicate even though the course which must be pursued by this court is clear.

Stated briefly and bluntly, the appellate division has declined, in effect, to follow a judgment order, or mandate, of this court heretofore entered in the case, because of the belief on the part of the judges constituting the division that we were in error.

The following history is pertinent:

The merchandise, consisting of gauge glasses, was imported in 1935 and appraised for duty by the local appraiser. The importer appealed for reappraisement. The appeal was referred to a single judge of the United States Customs Court as provided by statute. Section 501, Tariff Act of 1930. The single judge rendered judgment sustaining as the proper dutiable value the value given by the importer on entry. The Government applied to the Customs Court for review of the decision of the single judge and the application was assigned to the Second Division of that court for determination, all this being in conformity with section 501 above referred to. The division, which thus became an appellate division with respect to the judgment by the single judge, affirmed the decision, or judgment, of the single judge. The Government thereupon appealed to this court in conformity with section 198 of the judicial code, as amended, the questions presented to us (or at least those considered by us) being limited to questions of law only.

We rendered a decision in the case February 28, 1938. *United States v. Semon Bache & Co.*, 25 C. C. P. A. (Customs) 387, T. D. 49466. We took the view that there was no substantial evidence in

---

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

the record to support what amounted to a negative finding below, namely, that sales of gauge glasses in England by the manufacturers thereof to retailers, for resale, were not sales in wholesale quantities in the ordinary course of trade, which was a vital question in the case, and reversed the judgment of the appellate division, but remanded the case for reconsideration of the issues on the record as made, because it is not our province to make findings of fact in reappraisement cases.

That the question of whether there is any substantial evidence to support a finding of fact is a question of law is so well settled that no citation of authorities is necessary. If there be any, it is solely the function of the tribunals of the Customs Court to weigh it in finding the ultimate facts; if there be none, it is made our duty by the act of Congress so to declare. We did not weigh any *evidence* presented in the prior record, but held that certain *conclusions* stated by a witness were not entitled to any weight for the obvious reason that such conclusions were not regarded by us as being *evidence*, since, to quote from our opinion:

\* \* \* the witness had an erroneous conception of what, in the contemplation of the law, constitutes *wholesale quantities* and *usual wholesale quantities* in the ordinary course of trade \* \* \*.

No application was made before us for reconsideration of our decision, and, in due course, as provided by our rule XXII, made in conformity with the statute (section 194, judicial code), our action was certified to the United States Customs Court, the certification embracing a judgment order in the following terms:

ORDERED that the judgment of the United States Customs Court be, and the same is hereby, reversed, and said cause is remanded to said court for a reconsideration of the issues on the record as made, and in accordance with the views expressed in the opinion of this court herein.

Instead of complying with this order, the Second Division, expressing the view that this court had exceeded its authority and made findings of *fact*, thus trespassing upon the *exclusive* jurisdiction given the Customs Court, again reviewed the matter which this court had held not to constitute any substantial evidence, and reaffirmed its prior decision, saying *inter alia:*

\* \* \* in view of the importance of this case, and in order that justice may be rendered to both appellees and appellant, we think it is our duty in the premises to reaffirm our original judgment, in order to give our appellate court another opportunity to review again not only the record of this case and our decision and judgment but its own.

We must, in the interest of orderly procedure, respectfully decline to avail ourselves of the opportunity thus tendered. If the *importer* was aggrieved by our former decision and deemed it erroneous (and that is what its counsel now contends, nothing new being presented),

the course it should have pursued was that of seeking a rehearing before us, not before the Customs Court.

The fundamental question now involved is not one relating to the respective abilities of the judges of the respective courts. The question transcends any matter of that nature and involves the matter of proper procedure under the judicial system which Congress has established for dealing with certain customs matters. The authority possessed by the respective courts embraced in that system was not formulated, or assumed, by those courts but by the Congress acting under the powers delegated to it by the people as expressed in the Constitution. It saw fit to create an appellate court upon which certain duties were conferred with the authority and direction to perform such duties. Among such duties is that of passing upon questions of law only (Congress for reasons satisfactory to itself limited the appellate tribunals' jurisdiction to questions of law) in reappraisement proceedings when properly presented. The appellate tribunal would be inexcusably remiss in the performance of such duties did it fail to render what it conceives to be the proper judgment, even though that be contrary to the judgment of the tribunal from which the appeal is taken. Certainly differences between trial and appellate tribunals is nothing novel in the judicial systems of the United States, or in those of any State. If inferior courts (and the word "inferior" relates not to the judges but to the authority of the courts) may disregard the mandates of appellate tribunals, why have an appellate tribunal? In times past decisions of this court have been reversed by the Supreme Court of the United States and certainly we have never refused to regard a decision of that court as constituting the law of the particular case involved.

The exact situation here should be definitely comprehended. This is not a new case in which the trial court refuses to be bound by or follow reasoning of this court stated in the decision of some other case. That occasionally happens and is entirely legitimate and, in instances, quite proper. Courts of all degrees occasionally conclude that the reasoning of their own prior decisions was erroneous and should be overruled when the effort is made to apply that reasoning in a new case. *United States* v. *A. W. Faber, Inc.*, 21 C. C. P. A. (Customs) 290, T. D. 46819. That this has often occurred with the Supreme Court of the United States itself is a matter of common knowledge. Should another case arise involving the merits respecting the matter determined in our prior decision of the instant case and the Customs Court should refuse to follow that decision as a precedent it would be within its rights, but we know of no authority which supports its action here.

All authorities in point which we have examined are to the contrary.

A decision of our own which is in point was rendered in the case of *United States* v. *J. H. Cottman & Co.*, 23 C. C. P. A. (Customs) 378, T. D. 48292, and a higher authority than this court has spoken repeatedly upon the question. In the case of *In re Sanford Fork & Tool Co.*, 160 U. S. 247, the Supreme Court of the United States said (p. 255):

When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. *Sibbald* v. *United States*, 12 Pet. 488, 492; *Texas & Pacific Railway* v. *Anderson*, 149 U. S. 237. If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court. *Perkins* v. *Fourniquet*, 14 How. 313, 330; *In re Washington & Georgetown Railroad*, 140 U. S. 91; *City Bank* v. *Hunter*, 152 U. S. 512; *City Bank, petitioner*, 153 U. S. 246.

It appears that in that case, for reasons not here of interest, writ of mandamus was denied, but after stating such reasons, the court in the concluding paragraph of the opinion said (p. 259):

It must be remembered, however, that no question, once considered and decided by this court, can be reexamined at any subsequent stage of the same case. *Clark* v. *Keith*, 106 U. S. 464; *Sibbald* v. *United States*, and *Texas & Pacific Railway* v. *Anderson*, cited at the beginning of this opinion.

The *Sanford Fork & Tool Co.* case, *supra*, often has been cited and the principle followed in subsequent decisions of the Supreme Court. Illustrative instances are the cases of *Baltimore & Ohio R. R. Co. et al.* v. *United States et al.*, 279 U. S. 781, 785; *Kansas City Southern Railway Co.* v. *Guardian Trust Co. et al.*, 281 U. S. 1, 11.

Further citations are deemed unnecessary.

Clearly the Second Division erred in the course which it pursued. The responsibility for our decision of February 28, 1938, *supra*, rests with us, of course. If we committed error the fault is ours and no criticism should attach to the Customs Court so far as our decision there is concerned.

For the reasons stated, the judgment now on appeal is *reversed* and the case is *remanded* for a reconsideration of the issues on the record as originally made and in accordance with the views expressed in our decision of February 28, 1938, *supra*.