**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a corporation, Plaintiff and Counterdefendant,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant and Counterplaintiff.**

**HARRIS TRUST AND SAVINGS BANK, a corporation, Plaintiff,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant.**

**Nos. 66 C 1726, 66 C 1730.**

United States District Court, N. D. Illinois, E. D.

May 30, 1972.

Kirkland, Ellis, Hodson, Chaffetz & Masters, O. L. Houts, Gen. Atty., Chicago Rock Island and Pacific Railroad Co., Chicago, Ill., for Chicago Rock Island and Pacific Railroad Co.

Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for Harris Trust and Savings Bank.

---

Douglas C. Moir, Winston & Strawn, T. G. Schuster and B. N. Gutterman, Chicago, Ill., for Chicago, Burlington & Quincy Railroad Co.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

Counterplaintiff Chicago, Burlington & Quincy Railroad Company (Burlington) was awarded judgment on its counterclaim against Chicago, Rock Island and Pacific Railroad Company (Rock Island) in the amount of $860,218.62 on July 22, 1969. The opinion of this court is reported at 301 F.Supp. 72 (N.D.Ill. 1969) and was upheld on appeal, 437 F. 2d 6 (7th Cir. 1971), (reh. den.); cert. den., 402 U.S. 996, 91 S.Ct. 2173, 29 L. Ed.2d 161 (1971). Effective August 29, 1969, the applicable Illinois statute was amended to provide that judgments shall draw interest at the rate of six per cent per annum from the date entered until the date satisfied instead of five per cent per annum as had previously been the case. Ill.Rev.Stat.1971, ch. 74, § 3. Burlington moves for a summary judgment that it is entitled to interest on the unpaid portion of its judgment at the six per cent rate on and after August 30, 1969. Burlington also moves for a summary judgment that it is entitled to $86,943.92 on account of legal expenses actually approved and paid arising from the appeal by Rock Island in accordance with the judgment order. In its original petition of December 3, 1971, Burlington moved for a judgment against the insurer of Rock Island, the Underwriting Members of Lloyd's and others (Lloyd's).

As to the proper interest rate, the applicable federal statute provides that interest "shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." 28 U.S.C. § 1961. Rock Island contends that § 1961 adopts the interest rate in effect at the time that the judgment was rendered and that later changes in the state law have only a prospective effect on federal judgments and relies chiefly upon Texas & Pacific Railway Co. v. Anderson, 149 U.S. 237, 13 S.Ct. 843, 37 L.Ed. 717 (1893), as so holding. This case is at best ambiguous since there is no discussion of whether the decision was based upon a construction of federal or of Texas law. Even if Anderson did enunciate a federal rule, its holding has been overruled by the policy, if not the language, of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). That policy is that the Erie principle applies to any issue in a federal case, whether that issue arises from diversity jurisdiction, ancillary jurisdiction, or adoption of state law. See H. Hart and H. Wechsler, The Federal Courts and the Federal System 697 (1953); Comment, Pendent Jurisdiction —Applicability of the Erie Doctrine, 24 U.Chi.L.Rev. 543 (1957). The question thus becomes whether Illinois would apply the amended interest rate to a judgment entered before its effective date.

■ The controlling Illinois authority appears to be Firemen's Fund Insurance Co. v. Western Refrigerating Co., 162 Ill. 322, 44 N.E. 746 (1896). There, the court held that the rights of the parties to prejudgment interest "were not governed by contract, but by statute, which might be changed at any time in the pleasure of the legislature, without impairing any contract or affecting any vested right" and applied the new rate after the effective date of the amendment. Id. at 323, 44 N.E. at 746. There is no reason to believe that Illinois would not apply this philosophy to postjudgment interest as well, especially as more modern decisions in other states seem to agree with both the reasoning and the result. E. g., Swanson v. Flynn, 75 N.D. 597, 31 N.W.2d 320 (1948); cf. Board of Public Instruction, etc. v. Wright, 76 So.2d 863 (S.Ct.Fla.1955). Therefore, the court concludes that Burlington's motion for summary judgment should be granted. Its motion for summary judgment for legal fees does not

require discussion and is granted. The motion for summary judgment against the underwriters is denied because any claim under the policy belongs to Rock Island and Burlington must look to it for satisfaction.

██ Rock Island has filed a cross-claim against Lloyd's asking for a declaratory judgment declaring whether or not the policy affords coverage for the legal expenses which it owes to Burlington. Lloyd's has moved to strike the declaratory judgment prayer on the grounds that it is a separate controversy over which this court does not have jurisdiction. However, a cross-claim "may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." F.R.Civ.P. 13(g). The declaratory judgment that Rock Island seeks is obviously such a claim. And cross-claims clearly fall within the ancillary jurisdiction doctrine. C. Wright, Federal Courts § 80; 3 Moore's Federal Practice ¶ 13.36. The motion to strike must therefore be denied.