**John F. CANT, M.D., Plaintiff,**

v.

**A. G. BECKER & CO., INC., Defendant.**

**No. 71 C 1324.**

United States District Court,
N. D. Illinois.

June 26, 1974.

Owens, Owens & Rinn, Park Ridge, Ill., and Sheldon I. Saitlin and Joseph H. Spiegel, Simpson & Shefsky, Chicago, Ill., for plaintiff.

Hubachek, Kelly, Rauch & Kirby, James T. Griffin and Richard T. Zwirner, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

On March 28, 1974 this Court, 374 F. Supp. 36, adjudged the defendant A. G. Becker & Co., Inc. liable to plaintiff on Counts I, II, IV, X, XI, XIII, XIV, and XV of the instant complaint. This Court in its *Memorandum Opinion and Order* dated March 28, 1974 requested the parties, in support of their respective positions, to submit briefs and any supporting or supplemental documents concerning the issue of damages that they deem appropriate.

After carefully examining the relevant pleadings, memoranda, affidavits, and exhibts submitted by the parties in support of their respective positions, it is the opinion of this Court that the method and mathematics of computations as to damages by the plaintiff is not completely accurate and should be redone in light of the principles enunciated by this Court below.

■ It is well settled that a "defrauded" purchaser of securities is entitled to recover the difference between the price paid for the securities with interest from the date of purchase, and the value of the securities determined as of the time of the discovery of the fraud. In addition, the buyer is entitled to recover any additional outlays attributable to the defendant's conduct less dividends or any other payments received from the defendant seller. Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459. See also Richardson v. MacArthur, 451 F.2d 35 (10th Cir. 1971); Reube v. Pharmacodynamics, Inc., 348 F.Supp. 900 (E.D.Pa.1972); Lamb v. United Security Life Company, 59 F.R.D. 25 (S.D.Iowa 1972). Under the facts and circumstances of this case, the appropriate date to be applied in determining damages is the date on which the fraud was, or in the exercise of reasonable diligence should have been discovered. Esplin v. Hirschi, supra. See also Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972); Bailes v. Colonial Press, Inc., 444 F.2d 1241 (5th Cir. 1971); Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), cert. denied, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90; Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967); Hart v. First National Bank, 373 F.2d 202 (5th Cir. 1967). The plaintiff in his briefs in support of his damage claim has merely stated that the relevant date is the time of filing the instant complaint. This unsupported claim of the plaintiff is not sufficient to properly designate the date on which the fraud was, or in the exercise of reasonable diligence should have been, discovered. Thus, the plaintiff should precisely and properly determine the appropriate date of when the "fraud" was discovered or should have been discovered. This date should, if necessary, be properly supported by the affidavit of the plaintiff. This proper date should then be used by the plaintiff in calculating the damages.

■ It is clear that interest is appropriate in computing the instant damages. See Esplin v. Hirschi, supra. The plaintiff has improperly used the 8% interest provided in Section 4 of Chapter 74 of the Illinois Revised Statutes. Section 4 provides, in relevant part:

"In all written contracts it shall be lawful for the parties to stipulate or agree that 8% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from any person to any other person or corporation in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided."

■■ It is clear that the instant issue of damages does not involve a contract wherein parties have stipulated or agreed to 8% interest per annum and thus Section 4 is not applicable. However, it is the opinion of this Court that Section 3 of Chapter 74 of the Illinois Revised Statutes provides a guide for the appropriate interest rate in the instant action. See Chicago, Rock Island and Pacific Railroad Company v. Chicago, Burlington & Quincy Railroad Co., 55 F.R.D. 209 (N.D.Ill.1972). Section 3 of Chapter 74 provides:

"Judgments recovered before any court or magistrate shall draw interest at the rate of 6% per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. However, that the judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, writ of error, or

other steps to reverse, vacate or modify the judgment." [1]

Thus, the plaintiff should use the interest rate as provided by Section 3 of the Illinois Revised Statutes.

■■ The defendant has raised some questions as to the manner the plaintiff used in computing damages. As to the purchase and sale of Ranchers stock the defendant contends that the plaintiff did not compute the sale of 2,000 shares of Ranchers stock on the first-in first-out basis as the plaintiff did on his 1970 Income Tax Return. There are commonly two different procedures for determining which shares are sold when a party holds shares in the same company purchased at different dates and at different prices, namely, either the first-in first-out method or specific identification. The more preferable method is normally that of specific identification to the extent that property can so be identified. However, it has to be realized that securities are often held in street name and, from time to time, are sold pursuant to the direction of the owner without regard to specific certificates and that certificate representing the remainder of the shares, if any, may not be issued until a later date. For this reason, the principle of using a first-in first-out basis for the sale of shares has been accepted as an alternative means of identification. The plaintiff adequately contends that the relevant certificates are capable of specific identification relating to the purchases and sales by Dr. Cant of Ranchers stock. Thus the respective shares sold and retained can be determined with certainty and specific identification and can be used in computing the instant damages. It is clear to this Court that since the certificates and sales in this instance are capable of specific identification, the measure of damages should be precisely computed by specific identification rather than by the first-in first-out method.[2]

As to the damages resulting from the plaintiff's purchase of Red Rope stock, the defendant contends that the money damages suffered by the plaintiff based upon the diminished value of the stock should be offset by virtue of the value of the shares still held long after the complaint was filed. The plaintiff contends that any changes in the value of the shares after the date of filing the instant complaint should not be considered. This dispute can easily be resolved by using common sense. As noted above the key date as to the damage issue is the date the plaintiff discovered or should have discovered that he was "defrauded".

The plaintiff will not be able to avail himself of any further decrease in the value of the security after that date. So also the defendant should not be able to avail itself of any increase in the value of the stock after that date. This is the only method in which a consistent measure of damages can be obtained. If the defendant's contention was accepted the scale of damages would be prejudicially tipped in favor of the defendant.

Accordingly, it is hereby ordered that the plaintiff has until July 10, 1974 to re-compute its damages in light of the above ruling and to file a draft judgment order accompanied by supporting memoranda; and that the defendant has until July 23, 1974 to file any response it may deem appropriate. This Court will rule on the issue of damages on July 30, 1974.

1. The plaintiff should be mindful that the 6% interest rate was effective August 29, 1969 and plaintiff should use the 5% interest rate for any damages prior to August 29, 1969.

2. This Court is concerned about the precise measure of damages rather than whether the plaintiff is being consistent with an election made pursuant to the Internal Revenue Code. The Internal Revenue Code often provides the tax payer with various elections that may be made regarding the determination of his income tax. Normally, the tax payer will choose to file his tax return using the election which will provide him the maximum tax benefits. This Court is not bound or limited in its award of proper damages by any election the plaintiff may have made on his income tax return.