TRINITY PORTLAND CEMENT DIVISION, GENERAL PORTLAND CEMENT COMPANY, Appellant,

v.

COASTAL INDUSTRIAL WATER AUTHORITY By and Through its BOARD OF DIRECTORS, Appellee.

No. 16853.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 7, 1977.

Rehearing Denied May 12, 1977.

William H. White, Houston, for appellant.

Fred Spence, Houston, for appellee.

EVANS, Justice.

This suit was brought by the appellant to recover increased interest under an amendment to a statute, on a judgment it had recovered against the appellee.

The judgment, which had been entered on June 17, 1974, in eminent domain proceedings instituted by appellee in the County Civil Court at Law No. 1 of Harris County, Texas, awarded the appellant a recovery of the sum of $2,537,473.74, with interest thereon at the rate of 6% per annum from the date of judgment until payment. An appeal was taken from the judgment, and this court affirmed on April 3, 1975, and overruled appellee's motion for rehearing on May 1, 1975. Tex.Civ.App., 523 S.W.2d 462, writ of error refused on December 3, 1975, no reversible error.

On January 14, 1976, the appellee's motion for rehearing in the Texas Supreme Court was overruled, and on January 26, 1976, the mandate was issued by this court. On February 12, 1976, the appellee deposited into the registry of the trial court the sum of $2,789,830.72 which represented the principal sum recovered by the appellant with interest thereon at the rate of 6% from date of judgment until that date. On February 13, 1976, appellant filed a motion to withdraw these funds, and on February 17, 1976, the requested amount was paid over to the appellant.

While the appellee's application for writ of error was pending in the Texas Supreme Court, the statutory rate of interest on judgments was increased from 6% to 9% effective September 1, 1975. Article 5069–1.05, Tex.Rev.Civ.Stat.Ann.

On June 4, 1976, the appellant filed this action in the District Court of Harris County, Texas, seeking to recover from appellee the sum of $34,412.32 being an amount equal to the 3% difference between the 6% interest rate specified in the judgment and the 9% rate which became effective September 1, 1975, computed to February 12, 1976, the date of payment. The appellee responded with a plea to the jurisdiction, pleas of res judicata, waiver and payment, and a general denial. Both parties then

filed motions for summary judgment. After hearing, the trial court entered the order which is the subject of this appeal, denying the appellee's plea to the jurisdiction and the plaintiff's motion for summary judgment, and granting the defendant's motion for summary judgment.

This court must first determine whether the trial court lacked jurisdiction of the cause as contended by the appellee in its cross-point. It is appellee's position that the County Civil Court at Law had exclusive jurisdiction to determine the amount of interest recoverable on the judgment and that the District Court did not have jurisdiction to consider the appellant's suit for interest on the judgment rendered by that court.

The interest which an award bears after judgment is a creature of statute. *Carter v. McHaney*, 373 S.W.2d 82, 86 (Tex. Civ.App.—Corpus Christi 1963, no writ). Although it may be specified by the terms of the judgment, it is authorized and recoverable under the statute even if the judgment makes no reference to its recovery. *Carter v. McHaney*, supra; *Hoffman v. Love*, 523 S.W.2d 503 (Tex.Civ.App.—Amarillo 1975, no writ). Since the appellant was entitled to recover the statutory rate of interest as a matter of right and the amount of interest sought by appellant meets the jurisdictional requirements of the District Court, that court had jurisdiction to hear the cause and it properly overruled appellee's motion to dismiss for want of jurisdiction.

The question then is whether the trial court properly determined, as a matter of law, that appellant was not entitled to recover interest on the judgment according to the statutory rate which became effective September 1, 1975. This requires a determination of the effect of a change in the statutory rate while the judgment was on appeal.

Under two early decisions, one by a court of civil appeals and the other by the U.S. Supreme Court involving an interpretation of Texas law, the parties' rights and liabilities were deemed fixed at the time judgment was entered and subsequent changes in the statutory rate were held to have no effect on the interest rate as specified in the judgment. *Missouri Pacific Railroad Co. v. Patton*, 35 S.W. 477 (Tex.Civ.App.—1896, writ ref'd); *Texas & Pacific RR Co. v. Anderson*, 149 U.S. 237, 13 S.Ct. 843, 37 L.Ed. 717 (1893). The Oklahoma Supreme Court has held to this same effect. *Sunray DX Oil Co. v. Great Lakes Carbon Corp.*, 476 P.2d 329 (Okl.1970). However, in *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897), where the statutory rate of interest was changed during the pendency of the action, the Texas Supreme Court held that interest was properly computed on the amount of recovery at the rate in effect to the date of the change in the law and at the new rate thereafter.

It has been stated that where interest is allowed as damages and not by reason of contract, the interest for each period must be computed at the rate which was legal during that period, and statutes changing the rate will operate prospectively only. If the legal rate is changed after the interest begins to accrue, but prior to final determination, it should be computed at the rate legally designated to the time of the change in the law, and at the new legal rate for the period thereafter. *Haag v. Pugh*, 545 S.W.2d 22, 24 (Tex.Civ.App.—Eastland 1976, no writ); see also: *Alliance Milling Co. v. Eaton*, 33 S.W. 588 (Tex.Civ.App. 1896, writ ref'd); 4 A.L.R.2d 932, 952 (Sec. 11); 25 C.J.S. Damages § 92(1).

In *Southwestern Bell Telephone Co. v. Hertz Equipment Rental Co.*, 533 S.W.2d 853 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.), where a take nothing judgment was reversed and judgment rendered for the plaintiff, interest was awarded on the judgment at the rate of 6% to September 1, 1975, the effective date of the amendment of Article 5069–1.05, and at the rate of 9% per annum thereafter. A judgment to the same effect was rendered in *Donahue v. Rattikin Title Co.*, 534 S.W.2d 156 (Tex. Civ.App.—Fort Worth 1976, no writ).

In *Micrea, Inc. v. Eureka Life Ins. Co. of America*, 534 S.W.2d 348 (Tex.Civ.App.—

Fort Worth 1976, writ ref'd n. r. e.), where the judgment of the trial court was reformed on appeal, the Court of Civil Appeals, on rehearing, awarded interest on the judgment at the rate of 9% per annum from the date the change in the statute became effective.

 The judgment in the eminent domain proceedings did not become final for all purposes until the condemning authority had exhausted all appellate steps. Since interest on the judgment was purely an incident to the statute which authorized its recovery, the legislature could increase or decrease the rate as long as its action did not interfere with rights already accrued and vested under the previous statute. The computation of interest upon a judgment which is not final at the time of a change in the statutory rate is a prospective, not a retroactive, application of the statute. *Noe v. City of Chicago*, 56 Ill.2d 346, 307 N.E.2d 376, 379 (1974).

The appellee contends that even if the appellant was entitled to interest computed at the increased rate, it lost its right to the additional amount by its failure to assert its claim during the course of the prior proceedings. Appellee argues that the trial court's judgment could have been modified on the prior appeal, and that since that was not done by the appellant, it either waived its right to have the issue determined or is barred by the doctrine of res judicata. The appellee's position cannot be upheld: On the effective date of the statutory amendment, the case was pending in the Texas Supreme Court on the appellee's application for writ of error. The question of interest had not theretofore been raised in the proceedings, either in the trial court or in the court of civil appeals. The appellant had no procedural means to bring the issue before the Texas Supreme Court for its review. *Klein v. Century Lloyds*, 154 Tex. 160, 275 S.W.2d 95 (1955).

It is the appellee's final contention that the appellant waived its right to recover the additional interest by its withdrawal of the principal amount of the award with interest computed thereon at rate of 6% per annum. Since the amount which the appellant received was only that to which it was undisputedly entitled under the judgment, it was not estopped to assert a claim to the additional sum. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950).

The judgment of the trial court is reversed and judgment is here rendered that appellant recover from the appellee the sum of $34,412.32, representing the difference in interest due upon the judgment from September 1, 1975, until February 12, 1976, the date upon which the judgment was paid.